## William Konow v. Roy Nichols.

### Gen. No. 12,579.

1. CITY COURTS—*extent of jurisdiction of.* City Courts have concurrent jurisdiction with the Circuit Court, within the city where they may be situated, in three classes of cases, namely, all civil cases, all criminal cases arising in said city, and appeals from justices of the peace in said city.

2. PERSONAL INJURIES—*when liability for, not established.* Neither agency for nor partnership with the defendant of the person alleged to have been actually responsible for the injury involved herein, having been satisfactorily proved, the judgment must be reversed and the cause remanded.

Action in case for personal injuries. Appeal from the City Court of Chicago Heights; the Hon. HOMER ABBOTT, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed October 8, 1906.

Statement by the Court. This is an appeal from a judgment of $1,800 by the City Court of Chicago Heights, rendered by that court May 13, 1905, in favor of appellee, who was plaintiff below, against appellant, who was defendant below. The judgment was on the verdict of a jury in a personal injury case. The verdict was for $5,000, but plaintiff, acting under the practical compulsion of the trial court, in order to avoid the awarding of a new trial, remitted all above $1,800. A new trial and a motion in arrest of judgment were then denied, and judgment for $1,800 rendered upon the verdict.

Although none of the errors assigned upon the record questions the jurisdiction of the court below, that jurisdiction is challenged in the brief and argument of appellant, who says that as it appears on the face of the record that the subject-matter of the suit arose outside of the territorial jurisdiction of the city of Chicago Heights, the judgment is a nullity and should be so declared by this court.

An assignment of error is made on the denial by the trial judge of the motion in arrest of judgment, and it is argued by the appellant that the pleadings of the plaintiff do not show a cause of action.

The plaintiff began his suit in August, 1904. At that time he filed a declaration consisting of two counts in which he alleged a partnership between the appellant Konow and one Fred Bloom in the business of pressing hay with a steam hay press, and claimed damages by reason of the negligence of appellant in operating the press and engine whereby plaintiff's leg was broken.

A demurrer was filed and sustained to each count of this declaration September 22, 1904. Plaintiff having filed three additional counts with substantially the same allegations on September 24, 1904, a demurrer was filed to said counts which was sustained in February, 1905.

Thereupon on February 15, 1905, the plaintiff filed four additional counts, to which the defendant pleaded not guilty, and on which the cause was tried.

The first of these counts in substance alleges that on November 7, 1093, the defendant Konow and Fred Bloom were engaged in the business of pressing hay, with a press and engine, "under the care and management of said Bloom for himself and for said defendant;" that the plaintiff Nichols, a minor of twenty years, inexperienced in the business, was in the service of the defendant and Bloom as a helper under the direction of Bloom; that on the farm of one Raybeck,

near Matteson, in Cook county, it became necessary in the prosecution of the business to put the hay press in a barn by pushing the same up a steep incline by means of the steam engine; that thereupon it became the duty of the defendant to furnish the plaintiff a reasonably safe place in which to do the work he was required to perform; that neglecting said duty, the defendant set the plaintiff to work to hold a stake between the engine and hay press for the purpose of pushing by the engine the hay press up the said steep incline into said barn; that while the plaintiff in the exercise of due care was holding the stake, Bloom, for himself and for the defendant, so carelessly managed the engine that the stake held by the plaintiff was caused to slip off said hay press and engine, by means whereof the hay press ran back against the engine and the plaintiff thereby was badly injured.

The second count is to the same purport except that it alleges the accident to have been caused by Bloom's carelessly causing the engine to give "sudden jerks, lurches and motions," making the stake slip off said engine and press.

The third count alleges that the plaintiff was by Bloom, "for himself and for said defendant," set to work to hold the stake between the engine and the press without any sockets, cleats or other means of preventing said stake from slipping from said engine and press being provided, and that by reason of the failure of the defendant "to provide safe and proper means to hold said stake in place by cleats, sockets or otherwise," the accident happened.

The fourth count adds to the allegations of the third that Bloom, by means of the engine, negligently pushed the press up the steep, rough and uneven incline at a high rate of speed without providing cleats, sockets or other means to prevent the stake slipping off, etc.

The trial took place on February 27 and 28, 1905. The plaintiff offered the testimony of himself and of

his brother, who was present at the time of the accident, and of a surgeon who treated his injuries.

A motion was then made by the defendant for a peremptory instruction, which was refused.

The defendant thereafter presented the testimony of three persons who were eye-witnesses of the accident, as to the circumstances of the same, and also the testimony of himself and of other witnesses in relation to his connection with the business and the machine at the time of the accident, the contentions of the defense being that there was no liability on the part of anyone for the accident, and that in any event the defendant Konow had no connection therewith.

The plaintiff produced in rebuttal the testimony of certain witnesses, and the defendant was allowed to recall in surrebuttal his original witnesses. Various rulings made on the admission of evidence were excepted to by the defendant, and admission of improper evidence for the plaintiff and exclusion of proper evidence for the defendant are assigned as errors.

On the conclusion of all the evidence the motion for a peremptory instruction was renewed by the defendant, and again denied by the court, which ruling is assigned for error.

Six instructions, numbered from 1 to 6, were asked by the plaintiff and given. The giving of each of these instructions is assigned for error. Fifteen instructions were tendered by the defendant, numbered from 1 to 15. Numbers 1 to 6 inclusive and numbers 14 and 15 were refused, and the others given. The refusal of each of the eight refused instructions is also assigned for error.

After the verdict a written motion for a new trial was submitted and its denial is assigned for error, and the following grounds, in addition to rulings on evidence and instructions, were particularly insisted on as showing such error: The verdict was against the weight of the evidence. The verdict was excessive and

was not cured by the *remittitur*. Newly discovered evidence which justified a new trial was presented to the court by sufficient affidavits. A counter-affidavit was improperly heard in opposition to the motion for a new trial.

GEORGE A. BRINKMAN and JAMES C. ESSICK, for appellant.

B. J. WELLMAN, for appellee; ARTHUR A. HOUSE, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Without reference to the want of any assignment of error on this record in relation to the jurisdiction of the court below to entertain their suit, our decision must be against the appellant on this contention.

It is our opinion that the true construction of section one of "An Act in relation to Courts of Record in Cities," approved May 10, 1901, gives to City Courts concurrent jurisdiction with the Circuit Court within the city were they may be situated, in three classes of cases: first, all civil cases; second, all criminal cases arising in said city; and third, appeals from justices of the peace in said city.

We think- if the legislature had intended to confine the jurisdiction to "civil and criminal cases arising in the city", it would have so expressed itself, and not said "*all* civil cases", and (as we read it) in contradistinction thereto, "all criminal cases arising within the city."

The motion in arrest of judgment was based on the alleged failure of the declaration to state a cause of action. As demurrers were sustained to all but the four counts last filed, we have only these to consider.

We incline to the opinion that the point made on the insufficiency of these counts would at least be good on demurrer. They are certainly inartificially drawn. It

is difficult to determine with what the defendant is charged. Bloom, who is alleged without any definite specification of the relation to the defendant in which he acted, to have been "associated" with the defendant in the operation and use of a machine, is charged with negligence in the management of it, causing the injury. The position of the plaintiff which made the injury possible was, it is alleged, determined by the order of Brown, acting "for himself and the defendant". But it is not alleged by what authority he was so acting. The appellant insists that counsel for appellee disclaimed, during the trial, the theory of partnership and must be held to such disclaimer. Such a disclaimer appellee's counsel repudiate, claiming in their argument that a partnership was both alleged and proven. It is only by rejecting the alleged disclaimer as of no significance and at the same time greatly stretching the doctrine of a cure of defective statement of a cause of action by verdict, that this cause can be brought under the doctrine of Ashworth v. Stanwix, 3 Ellis & Ellis, 701, and Melloes v. Shaw, 1 Best & Smith, 437. In these cases the declaration charged the negligence directly to the defendants jointly, and it was left to the proof to show the personal negligence of one defendant and the partnership of the other. On the assumption, however, that the motion in arrest was properly overruled, an assumption which we make, although with hesitation, as the law of this case, and that after verdict the declaration was good as stating a joint liability (it certainly does not state an agency), the question arises on the evidence whether the case is brought within the rule of the leading cases referred to by satisfactory proof of Konow's operation of the engine and press in partnership with Bloom. We are of the opinion that it is not, and that the preponderance of evidence on this essential point is not with the plaintiff. If the defendant were not Bloom's partner

in the operation of the engine and hay press, no lia--bility, as we think, can be predicated under the pleadings as they stand, for no other form of agency or representation is presented by them.

It is possible that a clearer demonstration of the exact relations between Konow and Bloom in connection with the operation of the hay press may be made at another trial, if it should take place, and therefore we do not deem it desirable to develop our conclusions on the evidence beyond the statement that, as the record now stands, we do not think that the plaintiff has sustained that burden of connecting Konow with this accident which the law placed on him as a condition of recovery in this case.

This being our opinion, we are made not the less willing to remand the cause for another trial by the fact that further evidence bearing on the question of partnership is stated by the motion for a new trial to have been newly discovered.

It is unnecessary for us under the circumstances to decide whether the evidence said to be producible is merely cumulative, nor whether sufficient diligence to procure it at the trial had been shown, nor whether the second affidavit of Bloom should have been allowed to be read, nor whether that second affidavit destroys the effect of the one before made by him. It is proper for us to note, however, our opinion that it is fortunate that on another trial, should it take place, the testimony of the witness Bloom, not in *ex-parte* affidavits, but on examination and cross-examination, will apparently be available.

Appellant contends that the instruction on the question of partnership, marked by him six and offered and refused, should have been given and that the refusal to give it was error. We do not think so. The jury were sufficiently instructed on this question by the instructions which were given marked 7, 8, 9, 10, 12 and 13, although we doubt much whether, as ap-

plied to the pleadings in this case, instruction 8 was not more favorable than it should have been to the appellee. The vice in the record as we view the matter, however, is not that the law was not correctly laid down to the jury, but that the jury did not follow it as it was declared to them.

The objection urged by appellant to the fifth instruction we think is based upon a misconstruction of its meaning. It might perhaps have been more precisely worded, but we do not think it misled the jury.

Instruction No. 6 is open to grave criticism. The case is certainly a close one on the facts as to the liability or responsibility of anyone to the plaintiff for this injury. We do not purpose to discuss the evidence with relation to this phase of the case, inasmuch as it may be tried before another jury who are to judge of the facts, but we note our view of it, to emphasize the importance of careful instructions, on the subject of the plaintiff's due care and the employer's liability for the result of his orders.

What we have said indicates that we do not think the court erred in refusing to take the case from the jury by a peremptory instruction.

As the judgment must be reversed and the cause remanded for reasons above given, it is unnecessary for us to express our opinion upon the weight of the evidence as it stands in the present record, as to the liability or responsibility of any person other than the plaintiff for the accident, or upon the point urged by appellant that the original amount of the verdict shows that prejudice and passion ruled the jury, and that this inference should be fatal to the judgment notwithstanding the *remittitur*.

The judgment of the City Court of Chicago Heights is reversed and the cause remanded.

                                    *Reversed and remanded.*