## Emory J. Smith and Morris G. Leonard, trading as Smith & Leonard, Defendants in Error, v. American Bridge Company, Plaintiff in Error.

### Gen. No. 20,146.

1. ATTORNEY AND CLIENT, § 150*—*when Lien Act complied with as to notice.* The Attorneys' Lien Act, requiring personal notice to the debtor of a claim for lien, is complied with where notice is actually received by the debtor.

2. ATTORNEY AND CLIENT, § 150*—*when action under Lien Act not affected by place of injury.* In an action under the Attorneys' Lien Act, the question at issue is not affected by the fact that the injury was suffered in Indiana, and the contract between the parties was signed in this State.

3. ATTORNEY AND CLIENT, § 146*—*how Lien Act construed as to liability.* The Attorneys' Lien Act merely affects the distribution of the sum paid to plaintiffs' client by the defendant, and does not increase or diminish the liability of the defendant.

4. ATTORNEY AND CLIENT, § 150*—*when allowance of interest under Lien Act erroneous.* The allowance of interest on a claim of attorneys under the Attorneys' Lien Act *held* error, as payment of the full amount claimed, to plaintiff's client was not the liquidation of an account between plaintiff and defendant, under the statute which provides that creditors shall be allowed interest "from the day of liquidating accounts." (J. & A. ¶ 6691.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the March term,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Smith et al. v. American Bridge Co., 194 Ill. App. 500.

1914.  Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 5, 1915.  Rehearing denied October 18, 1915.

KNAPP & CAMPBELL, for plaintiff in error; WILLIAM BEYE and FRANK A. REID, of counsel.

HARRY H. FELGAR, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings in review a judgment for $84.73 recovered by plaintiffs Smith and Leonard against the American Bridge Company, defendant, for attorneys' fees under the Attorneys' Lien Act of Illinois.  One Garton, an employe of defendant, was injured at Gary, Indiana, December 26, 1912, and employed plaintiffs as his attorneys to prosecute his suit against the bridge company to recover damages for such injury, and for their services agreed to give his attorneys fifty per cent. of the gross amount received by him through suit or settlement.  The written instrument by which Garton made such promise was signed by him at Gary, Indiana, January 5, 1913.  January 15th, Garton came to the office of plaintiffs in Chicago, and the instrument was translated to him and he acknowledged and reaffirmed the same as his contract. On the same day plaintiffs sent to defendant at its office in Chicago a written notice of their employment by Garton and a copy of their contract with Garton. January 27th, Thomas E. Joy, division casualty manager of defendant, wrote plaintiffs, acknowledging the receipt of their letter of January 15th, and stating: "I note you have been retained by the injured man on a contract of or 50 per cent. of the amount collected by you through suit or settlement."  As the notice was actually received by defendant, we regard the statute requiring personal notice as having been complied with.  *Kinkade v. Gibson*, 209 Ill. 246.  April 21, 1915,

the defendant paid to Garton $164 in settlement of his claim, in consideration of which he released the defendant from any claim arising out of his injury. Plaintiffs recovered $84.73, $82 of which was for one-half of the amount paid by defendant to Garton, and $2.73 interest on the same. We do not think that the question in issue in this case is affected by the fact that the injury was suffered in Indiana and the contract between plaintiffs and Garton was signed in that State by Garton. The Attorneys' Lien Act does not increase or diminish the liability of defendant. It only affects the distribution of the sum agreed upon between defendant and Garton in settlement of his claim for damages.

Defendants in error have assigned by way of cross-error, that the judgment should have been for $164 and interest; but the decision in *Emerson-Brantingham Co. v. Donnelly*, in this court, opinion filed December 21, 1914, petition for certiorari denied June 24, 1915, by the Supreme Court, is conclusive against this contention; and under the rule stated in that case, plaintiffs were entitled to recover $82, not $164.

We think the court erred in allowing interest. The statute provides that: "Creditors shall be allowed interest at the rate of five per cent. on money due on the settlement of account from the day of liquidating accounts between the parties." (J. & A. ¶ 6691.) The payment of $164 by defendant to Garton was not the liquidation of an account between plaintiffs and defendant.

If the defendants in error shall within ten days remit from the judgment $2.73, the judgment will be affirmed for the remainder; otherwise it will be reversed and the cause remanded. The costs in this court will be paid by the defendants in error.

*Affirmed on remittitur; otherwise reversed and remanded.*