## H. C. Lust, Appellant, v. The Atchison, Topeka and Santa Fe Railway Company, Appellee.

### Gen. No. 35,374.

Opinion filed June 15, 1932. Rehearing denied June 29, 1932.

H. C. LUST, *pro se,* and by IRVING E. GREENBERGER, his attorney.

EMMET TRAINOR and F. W. MILLER, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

In September, 1924, H. C. Lust, an Illinois attorney, was retained by the Tracy-Waldron Fruit Company of San Francisco, California, to bring suit in the California courts against The Atchison, Topeka and Santa Fe Railway Company to recover damages for failure to furnish empty cars. Lust's compensation for the proposed legal service was embodied in a written contract entered into between him and the fruit company. The agreement was made and executed in San Francisco. Shortly thereafter Lust and his associate, Max Thelin, a California attorney, filed suit in the District Court of the United States for the Southern District of California against the defendant. For reasons which are immaterial to the issues herein, Thelin subsequently withdrew as attorney in the case. In the fall of 1927, Lust employed one H. A. Frank, a California lawyer, as his associate in the case, Frank filing his appearance in substitution of Thelin. Thereafter in December, 1927, Tracy discharged Lust as his attorney. In January, 1928, Lust, whose offices are located in Chicago, Illinois, wrote defendant, calling his attention to the contract between himself and the fruit company, and stated that he claimed an attorney's lien under the laws of Illinois. The defendant by its counsel acknowledged receipt of this notification. In April, 1928, the suit which Lust had instituted was tried in the California court resulting in a judgment against defendant for approximately $12,000. The judgment was thereafter paid by defendant and Frank filed a satisfaction piece on behalf of his client. The record discloses that Lust's appearance as attorney of record for plaintiff was never withdrawn, and was on file at the time the satisfaction piece was filed. In Octo-

ber, 1930, Lust instituted suit in the municipal court of Chicago against the fruit company to recover the fees alleged to be due him by reason of the contract made at San Francisco in 1924. The fruit company filed its appearance in the municipal court and had the cause removed to the United States District Court, where it is now pending. The instant proceeding was filed in October, 1930, to recover the same fees for which suit was instituted in the municipal court. Upon trial, the circuit court found the issues in favor of defendant and entered judgment accordingly.

The sole question presented for review is whether an Illinois attorney may maintain his lien under the Illinois statute for attorney's fees, based upon a contract for service made and executed in California. Paragraph 13, Cahill's Illinois Rev. St. 1931, ch. 13, provides that attorneys at law shall have a lien upon all claims, demands and causes of action which may be placed in their hands by clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, providing such attorneys shall have served notice in writing upon the party against whom their clients may have such suits, claims or causes of action, stating therein the interest they may have in the matter, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered on account of such suit, claim or demand.

Plaintiff contends that upon service of notice under the provisions of the foregoing statute, he became a part owner of the claim in favor of his client and thereafter stood in the same position as if the client had assigned an interest in the claim; that the validity of the contract entered into between him and the fruit company is governed by the law of California, but the question as to whether a legal or equitable action may

be brought on the contract is one purely for determination by the *lex fori,* or place where the remedy is sought; and that service of notice upon defendant whose offices are conceded to be in the City of Chicago, was a sufficient basis for enforcement of the lien by the courts of this State in favor of an Illinois attorney under the local statute. It should be observed that the State of California does not provide for an attorney's lien.

In support of plaintiff's first proposition, namely, that the service of notice upon defendant constituted Lust as a part owner of the claim in favor of his client and operates in the nature of an assignment, we are cited the case of *Smith v. American Bridge Co.,* 194 Ill. App. 500. In that case, Garton, an employee of the defendant, was injured at Gary, Indiana, and employed plaintiffs to prosecute his suit for damages for such injury. As compensation, Garton agreed to pay his attorney 50 per cent of the gross amount received by him through suit or settlement. The written instrument by which Garton made such promise was signed by him at Gary, Indiana, and he later came to the office of his attorney in Chicago where he acknowledged and reaffirmed the contract. On the same day, Garton's attorney sent defendant at his office in Chicago a written notice of his employment and a copy of his contract with Garton, and the defendant acknowledged the receipt of said notice. Subsequently, defendant paid Garton $164 in settlement of his claim, for which they took a release. The trial court allowed plaintiff, as Garton's attorney, one-half of this sum as attorney's fees, together with interest thereon. The reviewing court found that the item of interest was entered in error and affirmed the judgment as to the principal sum upon remittitur of the interest item. We are unable to determine from the opinion whether the question before us was raised in that proceeding. In any event,

no authority whatever is cited for the court's conclusion. We are of the opinion, however, that the foregoing decision may be distinguished from the instant proceeding upon several grounds; in the *Smith* case, no suit was brought in the State of Indiana, while in the case at bar a judgment was obtained against defendant in the California courts; the *Smith* decision does not show whether the Indiana statute allows an attorney's lien, whereas, in this proceeding, it appears clearly that the California statute does not; the contract in the *Smith* case entered into between plaintiff and the client was reaffirmed by plaintiff in the State of Illinois; as heretofore stated, the question of the extraterritorial effect of the Illinois statute was apparently not raised in the *Smith* case; and lastly, no judgment was entered against the American Bridge Company in the State of Indiana, there being only a settlement with plaintiff out of court.

Plaintiff also cites *Burchard v. Dunbar*, 82 Ill. 450, as governing in principle the decision in this proceeding. That case had no application to the enforcement of an attorney's lien under circumstances such as these and merely holds, under entirely different facts, that the law of the place where a contract is made will control in ascertaining the rights and liabilities of the parties, and that when these are ascertained the law of the place where its enforcement is sought will govern as to the remedy.

As we view this proceeding, the question as to whether or not the contract is sufficient to create a lien in Lust's favor which can be impressed upon a judgment in a California court, is one to be determined solely by the law of California. The California statute makes no provision for an attorney's lien, but he must sue for services claimed. Therefore, if the contract was not sufficient under the California law to create a right, there is nothing upon which the Illinois courts may predicate relief. In order to be entitled

to a remedy at the hands of the *lex fori,* plaintiff must present a good cause of action, and this is lacking in the case before us. This seems to us to be the logic of the situation, because if plaintiff presents to the *lex fori* a contract which is not sufficient under the laws of the State in which it was made to confer upon him any substantive rights, then the *lex fori* cannot grant the plaintiff any relief because he presents nothing upon which relief may be based.

The Illinois statute is silent upon a situation such as this, and with the exception of the case of *Smith v. American Bridge Co., supra,* we find no decisions in this State as precedents. It has been definitely determined in California, however, that an attorney has no lien upon a judgment recovered in favor of his client as compensation for his services. *Mansfield v. Dorland,* 2 Cal. 507; *McGown v. Dalzell,* 72 Cal. App. 197. The common law did not recognize an attorney's lien. Where that right exists, it has been created by statute. It seems reasonably clear from the decisions both of this State and California that where the statute of another State creates a new right and also provides a special remedy, such right will not be enforced in the State where the remedy is unknown. It was so held in *Fowler v. Lamson,* 146 Ill. 472, and *Russell v. Pacific Ry. Co.,* 113 Cal. 258, 45 Pac. 323.

Defendants call our attention to *Plummer v. Great Northern Ry. Co.,* 60 Wash. 214, 110 Pac. 989. In that proceeding one Funk had received personal injuries in British Columbia while in the employ of the Great Northern Railway Company. Funk employed an attorney named Latimer to prosecute the case and agreed in writing to pay him one-half of any sum which he might recover as a fee for his services. Latimer served written notice of the terms of his contract upon the local claim agent of the Great Northern Railway Company in Spokane, Washington, in compliance with the statutory provision of the State of Washington,

which gave an attorney a lien for his compensation upon money in the hands of the adverse party in any action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party. Latimer then employed counsel in British Columbia who started suit under the Workmen's Compensation Act of British Columbia. While the proceeding there was pending, the claim agent of the Great Northern Railway Company settled the claim with Funk, acting for himself, and obtained Funk's release. The amount of the settlement was $500, and an arbitrator awarded Funk's counsel $85 as costs and attorney's fees. Following this event, Latimer and his partner filed suit in the State of Washington to recover a sum equal to one-half of the settlement paid Funk in British Columbia. The court held that attorneys are but the representatives of the parties; that their authority is revocable at any time at the pleasure of the client and they cannot legally object to any course which the client may take concerning the matter in controversy; that the rights of the attorney in this regard are not changed by the fact that the attorney is by agreement to receive as a contingent fee a part of the sum which may be recovered; that without an express stipulation to that effect an agreement for a contingent fee will not act as an assignment of a part of a claim and no interest in a future recovery exists without an assignment. The court then proceeds as follows:

"But we think it clear that, in order for a lien to arise from notice under this statute, there must be an action or proceeding pending against the adverse party in some court, and, as the statute can have no extraterritorial effect, it must be an action pending in some one of the courts of this State. Any other rule would make the statute oppressive upon the debtor. He would be compelled to decide at his peril all con-

troversies between the attorney and his client over the question as to which of them was entitled to the money in his hands. Moreover, the statute will bear no other construction. The lien is given 'upon money in the hands of the adverse party in action or proceeding,' and this in itself presupposes an action or proceeding pending in a court. . . .

"Having chosen that forum to prosecute the action, and having called upon the arbitrator to make an award, and having accepted the award so made, we think the respondents are estopped from claiming any other fee from their client. And having no cause of action against their client for fees, they cannot of course recover against the adverse party." The foregoing decision contains a suggestion, as we view it, that there is nothing in the Illinois statute which would indicate an intention to make it applicable to cases pending in the courts of other States. The language of the statute appears to make it applicable only to litigation pending within the State, there being no provision for extraterritorial effect to be given to the statute. We accordingly hold that the trial court properly held that plaintiff was not entitled to impress his claim for services as a lien on the California judgment.

Other questions are raised by plaintiff's brief which have had our consideration, but in view of the conclusion reached on the main point in the case, we consider it unnecessary to discuss them.

The judgment of the trial court should be affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.