James Douglas Smith, Plaintiff, v. Louisville and Nashville Railroad Company, Defendant.

McGlynn and McGlynn and Charles P. Noell, Appellees, v. Louisville and Nashville Railroad Company, Appellant.

Opinion filed March 2, 1942.

FARMER, KLINGEL & BALTZ, of Belleville, for appellant.

McGLYNN & McGLYNN, of East St. Louis, CHARLES P. NOELL and WM. H. ALLEN, both of St. Louis, Mo., for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment in the sum of $10,000, in favor of appellees, McGlynn & McGlynn and Charles P. Noell (hereinafter called plaintiff attorneys), as against the appellant, Louisville and Nashville Railroad Company, a corporation (hereinafter called defendant).

The judgment was rendered in a proceeding to enforce an attorney's lien arising upon a petition filed in this cause by the plaintiff attorneys. The case was tried by the court, without a jury. The original plaintiff in this action, while an employee of the defendant, was injured by an explosion of an engine in the State of Kentucky. He resided at Mud Lake, Kentucky, about 30 miles from the city of Covington. About eight months after the accident he entered into a written contract with plaintiff attorneys whereby he employed them as his attorneys to prepare and prosecute his claim for damages against the defendant, growing out of his personal injuries, and agreed to pay them for their services "40% of whatever was collected by suit, or otherwise." Thereafter such attorneys

filed suit on behalf of such plaintiff, against the defendant, in the city court of East St. Louis, to recover damages under the Federal Employers Liability Act, and performed various services in the case in connection with the preparation of the case, generally, for trial. Shortly after the filing of the suit, such attorneys filed a notice with defendant of their attorneys' lien. That case was set for trial on June 4, 1941.

On the evening of May 18, 1941, however, a claim agent of the defendant went to the original plaintiff at his home in Kentucky, and finally (between one and two o'clock in the morning on May 19, 1941) effected a settlement on behalf of the defendant Railroad Company, without the knowledge or consent of the original plaintiff's attorneys. The settlement was for the sum of $15,000. At the time of such settlement, the original plaintiff executed a release of his cause of action wherein it was specifically recited that it was understood and agreed that defendant would hold such original plaintiff "harmless and indemnify him from any fee for which he might be liable" to one of the plaintiff attorneys. Such plaintiff testified that he had signed another release at the time, which included the names of both attorneys and there was some testimony to the effect that there was an agreement in such release to pay the attorney fees. It was expressly understood that the $15,000 was to be retained by such plaintiff. There was also some evidence relating to the matter of the original employment of the plaintiff attorneys, but there was nothing in such evidence which tends to disclose any basis for censure or reversal (on the basis of facts relating to such employment), as contended by defendant. The evidence was that the original plaintiff actually invited the plaintiff attorneys to act on his behalf, and that they undertook to represent him in a manner which involved no impropriety whatsoever.

The defendant, on appeal of this case, has moved to dismiss on the ground that the court in which the suit was filed (the city court of East St. Louis) had no jurisdiction of the subject matter of the suit. It is also contended, as a basis for reversal, that the contract of the plaintiff attorneys with the original plaintiff was void for a number of reasons, including the fact that the State of Ohio, where the contract was made, had no statutory provision for an attorney's lien; that the attorneys were not licensed to practice in that State; and that one of the attorneys was licensed to practice in the State of Missouri, but not in the States of Illinois or Ohio; that the attorneys had been guilty of unprofessional conduct in soliciting employment, and that, therefore, the contract of employment was void; that the court erred in admitting evidence on behalf of plaintiff attorneys of the services performed by them; and finally, that the judgment for $10,000 which was rendered in the case, exceeded the amount provided for in the contract of employment, which has been referred to hereinabove.

In connection with the motion of appellant to dismiss the cause on jurisdictional grounds, it should be noted that section 1, of article 6, of the Constitution of 1870, referred to by defendant, does not withdraw from the legislature the power to confer upon city courts jurisdiction to hear and determine transitory causes of action, arising outside of the territorial limits of the city in which the particular city court is located (*Frank Simpson Fruit Co. v. Atchison, T. & S. F. Ry. Co.,* 245 Ill. 596).

The legislature does not derive its powers from the Constitution, which is not a grant of power to the legislature, but is simply a limitation on its inherent powers. The legislature may legislate upon any subject not withdrawn from its authority by the Constitution (*City of Chicago v. Cook County,* 370 Ill. 301; *People v.*

*Barnett,* 344 Ill. 62), and any limitation upon the inherent power of the legislature must be clearly and unequivocally expressed in the Constitution.

In absence of any clear limitation upon the inherent power of the legislature to legislate upon any particular question, even in cases of doubt, the power of the legislature to legislate upon such subject will be sustained (*Wilson v. Board of Trustees of Sanitary Dist. of Chicago,* 133 Ill. 443), and jurisdiction of the subject matter (absence of which is basically sought to be invoked in this case), is the power to hear and determine causes of action of the general class to which the proceeding in question belongs (*Smith v. Herdlicka,* 323 Ill. 585).

The particular act conferring jurisdiction upon city courts, such as the city court of East St. Louis (ch. 37, sec. 333, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 108.001]), provides specifically that every such city court has concurrent jurisdiction with the circuit court within the city in which the same may be "in all civil cases, both law and chancery, and in all criminal cases arising in said City, and in appeals from Justices of the Peace of said City." It has been determined that by such act, the legislature has not limited the jurisdiction of the city courts, with respect to civil cases, to causes of action arising within the territorial limits of the city (in which the court is located), but has vested in such courts, jurisdiction of transitory civil causes irrespective of where such causes of action may arise (*Frank Simpson Fruit Co. v. Atchison, T. & S. F. Ry. Co., supra; Baker v. Rockabrand,* 118 Ill. 365; *Konow v. Nichols,* 128 Ill. App. 409).

The instant case, arising under the Federal Employers Liability Act, is clearly a transitory action for personal injuries, and unless there is something in the particular language of the act referred to which limits the jurisdiction of the city court of East St. Louis, that court obviously had jurisdiction of this proceeding.

As stated in the case of *Konow v. Nichols, supra,* at page 413, the true construction of the act gives to the city courts concurrent jurisdiction with the circuit court in "three classes of cases. (First) All civil cases; (Second) All criminal cases arising in said City; and (Third) Appeals from Justices of the Peace in said City. We think if the legislature had intended to confine the jurisdiction to 'civil and criminal cases arising in the City' it would have so expressed itself, and not said 'all civil cases' and . . . in contradistinction thereto 'all criminal cases arising within the City.' " The words, "arising in said City" appearing in the act, through application of ordinary principles of statutory construction, refer to criminal cases only. A general rule of statutory construction in the interpretation of the language of the act would give no meaning whatsoever to the second preposition "in" immediately preceding the phrase "all criminal cases arising in said City" if we adopted any other construction. Relative and qualifying words, and phrases, both grammatically and legally, refer to the last antecedent, unless a contrary intent clearly appears (*Stevens v. Illinois Cent. R. Co.,* 306 Ill. 370).

Since the city court of East St. Louis unquestionably had jurisdiction of the subject matter, and of the general class of cases to which the instant case belonged, and since no objection was raised in the trial court below, on any grounds of venue, or to the exercise of jurisdiction by that court in this case, any further objections on that ground have been waived and cannot be raised on appeal (*Taylor Coal Co. v. Industrial Commission,* 301 Ill. 381; *Wilson Bros. v. Haege,* 347 Ill. 140).

As to the matters raised on the merits, we believe it is sufficient to state that the contract of employment, which plaintiff attorneys had with the original plaintiff, was valid where made, in the State of Ohio, which does not prohibit the making of such a contract, and

that the rights of the parties thereunder are to be governed by the law of the State of Illinois, where the contract was to be performed (*George v. Haas*, 311 Ill. 382), even though it contained no specific recital as to the place of performance. In absence of any specific reference in the contract as to the place of performance, the place of performance is to be determined in accordance with the understanding of the parties at the time of its making as shown by the evidence, and since the evidence discloses that the contract was to be performed in Illinois (and was performed in this State, so far as possible by the plaintiff attorneys), the right to any attorney's lien upon the cause of action in this State is governed by the attorney's lien statute of this State (Ill. Rev. Stat. 1941, ch. 13, sec. 14 [Jones Ill. Stats. Ann. 9.13]). Upon compliance with the terms of such act, a lien upon the cause of action arose in plaintiff attorneys' favor (*Smith v. American Bridge Co.*, 194 Ill. App. 500).

The suit having once been filed in a court of this State, such lien, under the Illinois Statute, at once attached to the cause of action and could not thereafter be destroyed by the settlement which was made by defendant, without the consent of such attorneys. Under such Attorney's Lien Law the contract of employment and service by such attorneys of notice of lien, operated as an assignment of a 40 per cent interest in any judgment that might be rendered in the case, or in the proceeds of any settlement that might be made by defendant with the client of such attorneys claiming the lien (*Baker v. Baker*, 258 Ill. 418).

We need not discuss at length, the contention of defendant relating to the supposed illegality of the contract on the ground that the attorneys were not licensed to practice in the State of Ohio where the contract was made. The Missouri attorney was lawfully entitled to appear and participate with the Illinois attorneys in such case in this State. As a matter of fact, there was no plea of illegality of the contract, or of any sup-

posed violation of the laws of Ohio, which in itself would constitute a waiver of that point.

The contention that the employment was solicited by one of the attorneys is, in our opinion, unsupported by the evidence, and we see no basis whatsoever for the contention that any of the attorneys for the original plaintiff violated any law or rule of ethics in accepting the employment.

There was, likewise, no error in admitting evidence to show that the plaintiff attorneys performed their contract of employment so far as they were able to do so. Such evidence was apparently offered, not for the purpose of showing the reasonable value of such services, but simply to show performance by such attorneys of their contract, or willingness to perform. There was no reversible error in the admission of such evidence.

On the matter of the amount of the judgment in favor of plaintiff attorneys in the sum of $10,000, we cannot, however, agree with the contention of plaintiffs. It is plaintiffs' theory that the amount of the settlement, which was made, was not merely for $15,000, but for $15,000, plus attorneys' fees, and that the $15,000 which was paid to their client constituted simply his part of the settlement—that is, 60 per cent of the whole—and that the settlement as a whole amounted to $25,000, and that they were entitled to 40 per cent of that sum, or $10,000. In support of that contention we are cited to the case of *Sutton v. Chicago Rys. Co.,* 258 Ill. 551. In that case the action was settled for the sum of $325, plus $40 for services of a physician, and in the letter which was addressed to the client and which constituted the settlement agreement, there was an express undertaking to pay the attorney "a reasonable fee." That was clearly an additional undertaking to pay a reasonable fee, and the conclusion in that case, that the defendant became obligated to pay the attorney a sum equal to that paid to the client was clearly justified (in accordance with the agreement be-

tween attorney and client). Where a settlement is made for a certain amount, and there is an express agreement to pay the attorney's fees, the amount of the settlement is the amount paid the client plus the attorney's fees, and the attorney would be entitled to recover such percentage of the whole amount of the settlement as is provided for by his contract of employment.

In the instant case the exact language of the release and compromise of the lawsuit, which was entered into by the defendant Railroad Company and the client of plaintiff attorneys, simply provides that the defendant Railroad Company would hold the said client "harmless and indemnify him from any fee for which he may be liable to Charles P. Noell, growing out of the contract of employment entered into between them to prosecute said suit." There is no satisfactory evidence in the record that there was any undertaking to do more than is provided in such release agreement. We must, therefore, conclude that the plaintiff attorneys are entitled, under the law, to a sum equal to 40 per cent of the amount of the settlement. The only amount which the attorneys could have recovered from their client is $6,000. The indemnifying agreement undertakes to provide for payment only of such amount and not of a reasonable fee, or of an attorney's fee in addition to the amount of settlement. The judgment should, therefore, have been for 40 per cent of $15,000 (the amount of the settlement), that is, in the sum of $6,000.

The judgment of the city court of East St. Louis will, accordingly, be modified in this court to provide that judgment be rendered in the sum of $6,000, rather than $10,000, and such judgment in the sum of $10,000 will be vacated and judgment will be entered in this court, in favor of plaintiff attorneys, and as against defendant, in the sum of $6,000, and costs.

*Affirmed, as modified, and judgment entered here.*