---

(No. 15723.—Appellate Court reversed; municipal court affirmed.)
E. L. GEORGE, Appellant, *vs.* GEORGE H. J. HAAS, Appellee.

*Opinion filed February 19, 1924—Rehearing denied April 3, 1924.*

1. CONTRACTS—*meaning of word "executed."* The word "executed" is used with a variety of meanings, but when asserted of a written instrument it ordinarily refers to signing of the instrument.

2. SAME—*when place of performance determines validity and obligation of contract—presumption.* Where a contract is executed in one State with the intention that it be performed in another State or country whose laws are different, the law of the place where the contract is to be performed will determine its validity and the nature and extent of the obligation, as parties are presumed to contract with reference to the law of the State where their contract is to be performed and to be governed by such law.

3. BILLS AND NOTES—*rule that contract is governed by place of performance applies to bills and notes.* The rule that a contract

made in one State and to be performed in another is governed by the law of the place where it is to be performed applies to bills of exchange, promissory notes and checks drawn in one State and payable in another.

4. SAME—*when note made payable outside of State is not usurious.* A promissory note executed and mailed in Illinois is not usurious under the Illinois statute although it draws ten per cent interest, where it is made payable at a bank in the Isle of Pines, in the West Indies, as the nature, validity, interpretation and effect of the obligation are governed by the law of the place where it is made payable.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES F. McKINLEY, Judge, presiding.

D. K. COCHRANE, for appellant.

E. A. ABORN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

E. L. George, appellant, brought this suit in the municipal court of Chicago against George H. J. Haas, appellee, and his statement of claim was for the balance due for principal and interest on a promissory note. The note drew interest at ten per cent, and the defense set up by the affidavit of merits was that the promise to pay interest at that rate was usurious and void and no interest could be recovered. There being no defense against the principal, the court entered judgment for $765.61, the amount of such principal. There was a trial of the issue respecting the interest, which resulted in a finding and judgment for $660.47. The appellee removed the record to the Appellate Court for the First District by appeal, and that court reversed the judgment with a finding of facts and granted a certificate of importance and an appeal to this court.

The facts are undisputed. W. F. Nelson was in the employ of the defendant, George H. J. Haas, in caring for a grapefruit grove which the defendant owned in the Isle of Pines, in the West Indies, and expending money in developing and cultivating the grove. The defendant owed Nelson for his work and expenditures, and Nelson was soliciting payment from April, 1917, up to the making of the note, on February 18, 1918. The defendant wrote letters to Nelson from time to time up to and including December 24, 1917, explaining his inability to pay, asking for indulgence, and stating that he was at work on various propositions by which he hoped to raise money. In one letter he suggested an effort to get money from the bank in the Isle of Pines on one of the forties. The defendant had purchased the grove from Dr. Malikowski, in Chicago, and the papers relating to the transaction were in escrow with Greenebaum Bros. Bank. Nelson wrote to the defendant enclosing a note for the amount due, with a request to the defendant to execute it and have Dr. Malikowski indorse it. The defendant was unable to procure the indorsement and wrote a new note, signed it and forwarded it to Nelson by mail. Nelson received the note about the first of March, 1918. The following is a copy of the note:

"1,715.61.                                   *February 18, 1918.*
    "Three months after date I promise to pay to the order of W. F. Nelson, Santa Fe, Isle of Pines, seventeen hundred fifteen and 61/100 dollars, at the National Bank and Trust Co., Neuva Gerona, I. of P.
    "Value received, with interest at ten per cent per annum.
                                        GEO. H. J. HAAS,
                            130 N. Fifth Ave., Chicago, Ill."

Nelson took the note to the bank where it was payable and gave his own note for the same amount, payable to the bank, with interest at ten per cent, and indorsed the defendant's note to the bank. The defendant's note bore the following indorsements: "Pay to the order of the National Bank and Trust Company.—W. F. Nelson." "Pay

to the order of E. L. George, National Bank and Trust Company, Isle of Pines.—By L. C. Giltner, Cashier." The Appellate Court found as a matter of law that placing the note in the mail by the defendant, addressed to Nelson, constituted a delivery of the note, and the note having been retained by Nelson, his acceptance was at the time and place of such delivery.

Considering conclusions of fact, the Appellate Court made the following finding of facts: "We find that the note in question was executed and delivered in this State, and that the interest for which the judgment appealed from was given is usurious and uncollectible under the Interest act of this State."

The word "executed" is used with a variety of meanings and in general and common use means the signing of a written instrument. It was so used in this case as a statement of fact that the defendant signed the note in this State, with the further fact that it was delivered in this State, and the conclusion of law was that it was governed by the law of this State. Not saying whether or not a contract would be regarded as completed in this State by delivery to the post-office in a case like this, where there was no previous agreement and the defendant did not comply with the proposition or sign the note with Dr. Malikowski's indorsement but wrote the note sued upon and offered it by mail to Nelson for what he owed him, the conclusion that the contract was so completed is of no consequence and does not determine the validity of the contract nor the liability of the defendant to comply with his promise. If a contract is executed in one State, to be performed in another State or country, the law of the place where the contract is to be performed will determine its validity and the nature and extent of the obligation. If a contract is made in one State, to be performed in another, and the States are governed by different laws, the law of the place where the contract is to be performed will prevail over the

311—25

law where the contract was entered into and it will be enforced under the law of the place of performance. Parties are presumed to contract with reference to the law of the State where their contract is to be performed, and to be governed by such law rather than the law of the State where the contract was entered into. This rule has been declared and applied in practically every variety of contract, including bills of exchange, promissory notes, and checks drawn in another State payable in this. *McAllister* v. *Smith,* 17 Ill. 328; *Mason* v. *Dousay,* 35 id. 424; *Lewis* v. *Headley,* 36 id. 433; *Adams* v. *Robertson,* 37 id. 45; *Roundtree* v. *Baker,* 52 id. 241; *Davenport* v. *Karnes,* 70 id. 465; *Evans* v. *Anderson,* 78 id. 558; *Union Nat. Bank* v. *Oceana County Bank,* 80 id. 212; *National Bank of America* v. *Indiana Banking Co.* 114 id. 483; *Wooley* v. *Lyon,* 117 id. 244; *Abt* v. *American Trust and Savings Bank,* 159 id. 467; *Benedict* v. *Dakin,* 243 id. 384; 2 Parsons on Notes and Bills, 320; 8 Corpus Juris, 92; 5 R. C. L. 936, and 27 id. 256.

Parties are presumed to contract with reference to the law of the State where their contract is to be performed rather than of the State where the contract was made and to agree to be governed by such law. The note of the defendant offered to Nelson in payment of what he owed him was not only received and accepted in the Isle of Pines, but it was made payable at the National Bank and Trust Company, Neuva Gerona, Isle of Piñes. The nature, validity, interpretation and effect of the obligation created were governed by the law of the Isle of Pines, where payment, by the express terms of the note, was to be made. The note was not usurious and the judgment of the municipal court was right.

The judgment of the Appellate Court is reversed and the judgment of the municipal court affirmed.

*Appellate Court reversed; municipal court affirmed.*