(No. 27946.—

J. L. OAKES, JR., Appellee, *vs*. CHICAGO FIRE BRICK COMPANY, Appellant.

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 11, 1945.*

ALFRED ROY HULBERT, of Chicago, for appellant.

LEVINSON, BECKER, PEEBLES & SWIREN, (DON M. PEEBLES, and JOSEPH H. ALBAUM, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellee, J. L. Oakes, Jr., filed a third amended complaint, in the superior court of Cook county, against ap-

pellant, Chicago Fire Brick Company, an Illinois corporation, charging that appellant, on March 8, 1937, entered into an oral agreement employing appellee as salesmanager, for a period of one year, his services to begin March 29, 1937, on a stipulated salary of $6000 a year, payable at $500 a month; that he moved to Chicago and, on or about March 28, 1937, commenced work for appellant at its Chicago office; that appellant, without cause, terminated the employment about a month thereafter, and that by reason thereof appellee is entitled to recover the sum of $10,000. Appellant filed a motion to dismiss on the ground that the complaint showed on its face that the contract was unenforceable because it was not to be performed within a year and was not in writing. The trial court sustained the motion, but on appeal, the Appellate Court reversed the judgment and remanded the cause, on the ground that the Illinois Statute of Frauds does not constitute a bar to said action. 311 Ill. App. 111.

On remandment, appellant filed an answer denying that such a contract was made and averring that the discharge of appellee was for good cause, and in the answer set up the affirmative defense "that the oral contract alleged in the third amended complaint was not a contract such as could be performed, nor was it intended by the parties to be performed within one year from the date of the actual making of the contract." The jury returned a verdict for appellee and fixed the amount of recovery at $6347, and judgment was entered on the verdict. On a second appeal to the Appellate Court the judgment of the superior court was affirmed and leave to appeal to this court was granted.

No questions of fact are presented in the briefs and arguments submitted. Appellant assumes that the record shows that the alleged contract, which was entered into in the State of Pennsylvania, was to be performed in the State of Illinois, or that the parties so intended, and

argues that the law of the place of performance controls as to the remedy sought and that section 1 of our Statute of Frauds, (Ill. Rev. Stat. 1943, chap. 59, par. 1,) providing that no action shall be brought on such a contract unless the agreement or some memorandum or note thereof shall be in writing, is a complete bar to a recovery. Appellee, on the contrary, stresses the point that the Statute of Frauds is substantive in nature, and that the rule followed in case of a conflict of laws is that the application of the statute, as a bar to the suit, depends upon the *lex loci contractus,* and not upon the law of the forum, which only controls where the statute involved is remedial or procedural and not substantive. Appellee's counsel state in the opening paragraph of their brief that the sole question presented by this appeal is whether the Illinois Statute of Frauds is applicable to a suit brought in this State on an oral contract, not to be performed within one year, made in Pennsylvania, and valid and enforceable in that State. It is then stated that the answer depends upon whether the Illinois statute is substantive or remedial in nature. Appellee's counsel then assert that the case of *Miller* v. *Wilson,* 146 Ill. 523, is a complete answer to appellant's contention.

It is true the *Miller case,* above cited, holds, *arguendo,* that the laws which subsist at the time and place of making the contract enter into and form a part of it, and that such rule embraces alike those which affect its validity, construction, discharge and enforcement. (*Edwards* v. *Kearzey,* 96 U. S. 595.) By way of argument, this court, in the *Miller case* also approved a statement found in *Roundtree* v. *Baker,* 52 Ill. 241, to the effect that a statute of frauds embracing a pre-existing parol contract not before required to be in writing would affect its validity. But when the opinion in the *Miller case* is analyzed in view of the facts in the particular case, it falls far short of being either on all fours or analogous to the facts in-

volved in the instant case. In that case the contract involved was executed in Kansas, related to property in that State, and was to be performed in Kansas. Under any of the rules in respect to the application of a statute to either the validity or enforcement of a contract, the law of Kansas applied in that case.

The case of *Roundtree* v. *Baker,* 52 Ill. 241, settles nothing insofar as the questions here involved are concerned, because in that case the question of the validity of a promissory note executed in payment for a slave purchased in a slave State was assailed in this State because such a consideration was repugnant to the public policy and laws of Illinois. This court refused to ignore the comity-of-States doctrine and allowed a recovery.

It has been authoritatively stated that in the construction of contracts and in determining their validity we must be governed by the law of the State where the contract was made. (*Bell* v. *Farwell,* 176 Ill. 489.) The action in the case just cited was based upon a self-executing provision of the Kansas constitution and this court refused to construe the constitutional provision but accepted the construction of the Supreme Court of Kansas. In the later case of *Walker* v. *Lovitt,* 250 Ill. 543, it was as definitely stated that the rule is well settled that the validity, construction and obligation of a contract must be determined by the law of the place where it is made or is to be performed. Clearly, that rule was applicable in that case because the note involved was executed and, by presumption, was payable in the same State. No question of conflict of laws could, therefore, be directly involved.

In a still later announcement of this court in *George* v. *Haas,* 311 Ill. 382, it was stated that if a contract is executed in one State with the intention that it is to be performed in another, and the States are governed by different laws, the law of the place where the contract is to be performed will control as to its validity and will prevail over

the law where the contract was entered into and it will be enforced under the law of the place of performance. Said the court in that case: "Parties are presumed to contract with reference to the law of the State where their contract is to be performed, rather than of the State where the contract was made, and to agree to be governed by such law." That recent holding of this court is in complete accord with the principles laid down in the leading English case, *Leroux* v. *Brown*, 12 C. B. 801, 138 Eng. Reprint, 1119, which first introduced the distinction, as to the application of opposing Statutes of Fraud, as to whether the statute invoked was substantive or procedural.

Having reached the conclusion that the intention of the parties must be considered as a guide in this case, we have endeavored to find something in the proof concerning the terms of the agreement as to the place of performance so as to apply the rule announced in *George* v. *Haas*, 311 Ill. 382. That we have been unable to do. There is substantial proof that appellee agreed to enter the service of appellant in the capacity of salesmanager; that he moved to Chicago and entered into the service of appellant; that his office was at the plant of appellant in Chicago; and that the Chicago Fire Brick Company was an Illinois corporation. It affirmatively appears, however, that appellant was doing business in Pennsylvania at the time the contract was made, as appellee testified that he went with the president of the company to call on two customers in Philadelphia. That appellant was also doing business in Ohio is established by the fact that appellee had been on the road for the company and had been sent to call on distributors in Ohio. He was to set up distributors within a radius of five hundred miles of Chicago. Appellee went to Cleveland, Toledo, Columbus, Cincinnati and Dayton in the performance of his duties. From the record before us, it is plain that the agreement itself made no provision as to the State or States wherein the services

were to be performed and that no intention is to be gathered from the agreement or from the proof that the contract was to be performed wholly within the State of Illinois.

The defense of the Statute of Frauds having been raised by appellant, the burden of proving facts justifying the application of the bar was upon appellant. To bring the rule announced in *George* v. *Haas,* 311 Ill. 385, into operation, it was incumbent upon appellant to show that the agreement was to be performed wholly within this State. Where a contract is to be performed in various States, as in this case, the *lex loci contractus* must control. Otherwise, if the place of performance is to govern, the law would find itself in a hopeless tangle. (*Bernstein* v. *Lipper Mfg. Co.* 307 Pa. 36, 160 Atl. 770.) Where there is nothing in the contract or in the proof to show where the contract is to be performed, it is governed by the law of the place where made. *Duvall-Percival Trust Co.* v. *Jenkins,* 16 F. 2d 223.

We have not overlooked the case of *Pope* v. *Hanke,* 155 Ill. 617, which holds that the comity-of-States rule does not extend to the enforcement of an obligation which is contrary to our law, nor the isolated statement in *Stein* v. *McKinney,* 313 Ill. 84, to the effect that our Statute of Frauds does not vitiate the oral contract, but merely denies the right to compel its performance. The issues in those cases render them inapplicable.

Appellant having failed to establish the intention of the parties that the agreement was to be wholly performed in Illinois, and it being admitted that the contract was enforceable in Pennsylvania where made, we are forced to conclude that the comity-of-States rule requires its enforcement in this State. The Appellate Court reached the same result by a different route but its conclusion was correct and the judgment must therefore be affirmed.

*Judgment affirmed.*