Robert W. O'MEARA, Plaintiff,

v.

TEXAS GAS TRANSMISSION CORP., Defendant.

No. 64 C 398.

United States District Court
N. D. Illinois, E. D.

June 18, 1964.

David S. Chesrow, Barney L. Hollo-wick, Chicago, Ill., for plaintiff.

Patrick W. O'Brien, Mayer, Fried-lich, Spiess, Tierney, Brown & Platt, ·Chicago, Ill., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Or-leans, La., for defendant.

MAROVITZ, District Judge.

Motion of defendant to stay proceed-ings pending arbitration.

This action arises out of a contract, in which the plaintiff allegedly agreed to produce, furnish, sell and deliver to defendant natural gas from plaintiff's Louisiana well. Defendant allegedly agreed to buy a minimum supply of 70 per cent of two million cubic feet per day of natural gas during the term of the contract. Plaintiff asserts that de-fendant has breached said contract, and seeks recovery of $89,317.94, plus inter-est, allegedly due and owing for gas de-livered.

Defendant has filed a motion to stay all proceedings in this action pending arbitration. The contract at issue con-tains an executory provision reciting that all disputes without limitation must be submitted to arbitration. The mo-tion is brought pursuant to Section 3, Title 9, U.S.C., the Federal Arbitration Act, and Rule 12 of the Federal Rules of Civil Procedure.

The contract sued upon was signed first by plaintiff in Louisiana, and then by defendant in Texas. The gas well is located in Louisiana. Plaintiff con-tends under Illinois law, that since the last act necessary to make the contract complete occurred in Texas, its validity must therefore be determined by the law of that state. Frankel v. Allied Mills, 369 Ill. 578, 17 N.E.2d 570 (1938); Harris v. American Surety Co. of N. Y., 372 Ill. 361, 24 N.E.2d 42 (1939); Roh-rer v. Rohrer, 29 Ill.App.2d 362, 173 N.E.2d 589 (1961). Applying Texas law, plaintiff asserts it is readily apparent that such an all-inclusive arbitration clause is against public policy, in that it tends to oust the courts of jurisdiction. Huntington Corp. v. Inwood Const. Co., Tex.Civ.App., 348 S.W.2d 442.

Plaintiff further contends that since the gas wells are located in Louisiana, and defendant transports said gas to its chemical plant in Louisiana, where certain chemicals are extracted, inter-state commerce is not involved, and

therefore Texas law and not the Federal Arbitration Act applies.

█ Both contentions must fail. This Court, basing its jurisdiction on diversity of citizenship, Sec. 1332, Title 28 U.S.C., must apply the conflict of laws rules prevailing in the forum state of Illinois. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Plaintiff's argument that this case does not apply is entirely fallacious. The Supreme Court's language is clear:

> "The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's State courts."

The phrase quoted by plaintiff, deals only with the substance of Delaware conflicts law, not with whether said rules should be applied.

In Oakes v. Chicago Fire Brick Co., 388 Ill. 474, 58 N.E.2d 460, the Illinois Supreme Court explicitly stated that when a contract is executed in one state with the intention that it is to be performed in another,

> "the law of the *place where the contract is to be performed* will control as to its validity and will prevail over the law where the contract was entered into and it will be enforced under the law of the place of performance." (388 Ill., at pp. 477–478, 58 N.E.2d at p. 462) (Emphasis added.)

██ In Frankel and Harris, supra, cited by plaintiff, the place where the contracts were made and the place of performance were identical. The Rohrer case, supra, may also be distinguished, for in that case, the contract involved performance in several states. Application of the Oakes rule to that situation would result in a hopeless triangle. Accordingly, in the absence of interstate commerce, Louisiana law must be applied. Under Louisiana arbitration law, such arbitration contracts are valid, irrevocable, and enforceable. See LSA-R.S. 9:4201, 9:4202 (1951); Livingston v. Shreveport-Texas League Baseball Corp. (W.D.La., 1955), 128 F. Supp. 191, 200, affd. 5 Cir., 228 F.2d 623.

██ Secondly, the Court must turn to Sec. 2 of the Federal Arbitration Act, which provides that an arbitration clause in any transaction involving interstate commerce, "shall be valid, irrevocable, and enforceable." This validity shall be upheld even when invalid under state law. Robert Lawrence Co. v. Devonshire Fabrics, Inc. (2d Cir., 1959), 271 F.2d 402. This Court need only find interstate commerce present to apply the explicit terms of Section 2 of the Act.

█ The first two clauses of the contract, which plaintiff dismisses weakly as a mere preamble, recite that defendant "owns and operates a natural gas pipeline system and now proposes, upon receipt of a satisfactory Certificate of Public Convenience and Necessity from the Federal Power Commission, to construct and operate additional facilities to such pipeline system," and "desires to acquire (from plaintiff) a supply of natural gas for transmission through its natural gas pipeline system as enlarged by such new facilities." Plaintiff thereupon applied for and received permission from the FPC "to sell natural gas (to defendant) for resale in interstate commerce." Indeed, as is shown by affidavit, the Certificate issued to plaintiff states that plaintiff is a natural gas company "engaged in the sale of natural gas in interstate commerce." (Koch Affidavit, Exhibit C to defendant's brief) It would seem clear that sales such as that by plaintiff to defendant were intended to and did in fact fall within the accepted concept of interstate commerce. Phillips Petroleum Co. v. Wisconsin, 347 U.S. 672, 682–683, 74 S.Ct. 794, 98 L.Ed. 1035 (1953); Deep South Oil Co. of Texas v. Federal Power Commission (5th Cir., 1957), 247 F.2d 882, 887–888. The processing by defendant in Louisiana after the sale does not substantially interfere with the flow of the gas so as to remove it from

interstate commerce. Deep South Oil Co. v. Federal Power Commission, supra.

It would seem clear to this court that plaintiff and defendant contemplated a transaction involving interstate commerce, and entered into such a transaction. Both the Louisiana and Federal Arbitration Act, whichever is applicable, provide that such arbitration clauses, as appear in this contract, are enforceable and valid. Accordingly, the motion of defendant to stay proceedings pending arbitration is granted, and plaintiff is ordered to comply with the arbitration provisions prescribed in the contract.