**YOUNKER BROTHERS, INC., Plaintiff,**

v.

**STANDARD CONSTRUCTION CO., Inc. and National Garages, Inc., Defendants.**

**Civ. No. 6-1630-C-2.**

United States District Court
S. D. Iowa,
Central Division.
April 23, 1965.

B. A. Webster, Jr., and Allen O. Perrier, Des Moines, Iowa, for plaintiff.

John R. Mackaman and Addison M. Parker, Des Moines, Iowa, Charles E.

Carlsen, Minneapolis, Minn., for Standard Const. Co.

David H. Belin and Philip C. Lovrien, Des Moines, Iowa, for National Garages, Inc.

HANSON, District Judge.

This is a multi-party action concerning the vibroflotation foundation put in a building built for Younker Brothers, Inc. The general contractor who constructed the building was Knutson Companies, Inc. (successor to Standard Construction Co., Inc.). The building was built for Younker Brothers (successors to certain Trustees) although the land has been conveyed to Equitable Life and leased back to Younkers.

Vibroflotation Foundation Company did the soil compacting job as a subcontractor and has sued in cause No. 6–1632–C–2 for approximately $20,855.25 as costs of doing the work. Younker Brothers, Equitable Life Insurance Company of Iowa, and The Knutson Companies have been named as defendants in that action. No answers have been filed to date. The motion to stay does not pertain to cause No. 6–1632–C–2.

Younker Brothers have filed an action, No. 6–1630–C–2, against Knutson (Standard Construction) and National Garages, Inc. National Garages was a company hired by Younkers to act as Younkers' agent in supervising the construction of the building and performing architectural services.

The defendant, Knutson Companies, has in cause No. 6–1630–C–2 filed a motion under Title 9 of U.S.C.A., Section 3 to have this court stay proceedings in that case pending arbitration.

The plaintiff, Younker Brothers, resists the motion to stay the action. The resistance is in eight separate paragraphs. The plaintiff's brief in support of its resistance is in four divisions.

■ The first contention of the plaintiff is that Knutson Companies has waived the arbitration provisions in the contract and is in default under Section 3. The cases cited by Younker Brothers are not in point factually. The cases on waiver are collected in Robert Lawrence Co. v. Devonshire Fabrics, Inc., 2 Cir., 271 F.2d 402; 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37. Clearly, under the uncontradicted facts in the affidavits filed in this case there is no waiver or default. The motion to stay was made promptly after the suit was filed. Movant never did anything inconsistent with the right to arbitrate. Younkers knew of the desire of movant to arbitrate and any delay that existed was with a view toward settlement. In addition to the cases cited in Devonshire, see Cavac Compania, etc. v. Board for Validation of German Bonds, D.C., 189 F.Supp. 205.

The second brief point states that the determination of whether or not a particular dispute is arbitrable is for the court to decide. Section 3 requires the court to be satisfied that the issue is referable to arbitration under such an agreement. There is no dispute on that question.

■ The fourth point raised by Younker Brothers is that this is not a matter involving commerce. The court finds, however, that it is a matter involving substantial interstate commerce. Corporations and employees non-resident to Iowa were involved. Substantial materials were made and transported in interstate commerce for the construction project. These facts are examples of evidence of the involvement of interstate commerce.

■ The fifth point is that the parties could not under Iowa law be compelled to arbitrate. It is not necessary to decide the state law because the contract is valid where interstate commerce is involved even if such a contract is not enforceable under state law. Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra; O'Meara v. Texas Gas Transmission Corp., D.C., 230 F.Supp. 788.

The third point raised by Younkers is that the issues in this case are not arbitrable under the terms of the arbitration agreement.

This court must, however, take the movant's version of the facts and issues as true in deciding that question. Shanferoke Coal & Supply Corp., etc. v. Westchester Service Corp., 2 Cir., 70 F.2d 297, affirmed 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; Hiller v. Liquor Salesmen's Union Local No. 2, D.C., 226 F. Supp. 161; Petition of Pahlberg, D.C., 43 F.Supp. 761. There really does not seem to be much dispute as to what is arbitrable. Younkers' claim is that the question of the power of the architect to bind the owner without authority or the contractor's power to vary the terms of the agreement is not an arbitrable question. The movant, Knutson, says: "If this defendant's claim against the plaintiff should be classed as for an 'extra' * * * then unless the plaintiff is correct in asserting that it can escape responsibility for its own architect's decisions, that claim too would be arbitrable." (Knutson's brief)

The movant suggests that the issue is one of interpretation of the original contract between the parties arbitrable under Section 39 of the General Conditions or neglect of Younkers arbitrable under Section 31.

Younkers argues that if one of the issues is not arbitrable or if the indemnity action against National Garages is not arbitrable, then the entire dispute should be tried by the court including the arbitrable issues. This court can find no authority for the position taken by Younkers. All the cases involving such an issue indicate that the legal issues should be tried by the court and the arbitrable issues tried by the arbitrator. See Council of Western Electric Technical Employees-National v. Western Electric Co., 2 Cir., 238 F.2d 892; McElwee-Courbis Construction Co. v. Rife, D.C., 133 F.Supp. 790; Finsilver, Still & Moss v. Goldberg, Maas & Co., 253 N.Y. 382, 171 N.E. 579, 69 A.L.R. 809. To hold otherwise would deprive the parties of their contractual rights as well as their rights under Title 9, U.S.C. Any legal issues remaining after arbitration, in the event any issues are arbitrated, can still be decided by the court. This case is assigned to the docket of this court and if legal issues remain to be decided, they will be decided by the same court that is ruling on this motion.

Accordingly, an Order will be entered granting a stay of cause No. 6-1630-C-2 pursuant to Section 3 of Title 9, U.S.C.

Counsel for movant will prepare an Order in conformity with this Order and present same to opposing counsel for approval as to form. Said Order shall be presented to the court for signature and entry.