**WILLIAM CHRIS TRUCKS & EQUIPMENT BROKERS, Plaintiff,**

v.

**The FIRST CANADIAN BANK OF MONTREAL, Defendant.**

No. 83 C 2229.

United States District Court, N.D. Illinois, E.D.

July 21, 1983.

Frederick M. Ellis, Jr., Albert Brooks Friedman, Ltd., Chicago, Ill., for plaintiff.

Daniel Harris, Mayer, Brown & Platt, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

BUA, District Judge.

Before the Court is the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 19 and 12(b)(6), and the doctrine of forum non conveniens. The motion is granted for the following reasons. First, the Court finds that the Morcam Group Limited (Morcam) is an indispensable party to this lawsuit, whose absence requires dismissal of plaintiff's complaint. Fed.R.Civ.P. 19(b). Furthermore, even if the action could proceed in the absence of Morcam, the doctrine of *forum non conveniens* would require the suit's dismissal. In light of the Court's disposition of these two issues, defendant's argument that plaintiff has failed to state a claim upon which relief may be granted, need not be addressed.

## I. INTRODUCTION

This case arises out of a contract between plaintiff William Chris Trucks, an Illinois partnership, and Morcam, a Canadian corporation. According to the contract, William Chris agreed to purchase and Morcam agreed to sell approximately $2,000,000 worth of construction equipment. The contract further provided that William Chris was to take delivery of the equipment in Owen Sound, Ontario, Canada, and was to pay for each piece of equipment before removing it from Morcam's premises. The contract states that it was signed in Toronto.

According to plaintiff, the Morcam Group breached its contractual duties by failing to deliver approximately $800,000 worth of equipment and by making other deliveries after the time they were due under the contract.

The First Canadian Bank of Montreal (the Bank) is a defendant in this case because some of the money that went from William Chris to Morcam, under the contract, passed through the Bank. Paragraph 3 of the contract provided:

"$150,000 will be placed on deposit with the Bank of Montreal in Owen Sound on or before November 26, 1981, in an account in favour of Morcam Group Limited. In the event that the equipment is not purchased by you in accordance herewith, this deposit, with interest, shall be forfeited. In the event the purchase and sale is concluded, all interest shall be payable to Morcam and the principal amount of $150,000 shall be returned."

William Chris claims that it deposited the $150,000 in a Morcam account in the Owen Sound branch of the Bank of Montreal, and that Morcam later withdrew the money. It is plaintiff's further contention that Morcam had no right to the funds because of the alleged breach of the contract, and that the bank improperly released the money in violation of its fiduciary duties.

Based on these allegations, William Chris brought this action in Chicago against the Bank of Montreal.

## II. RULE 19

### A. *Rule 19(a)*

There is no question that Morcam is a party to be joined under Fed.R.Civ.P. 19(a). The absence of Morcam prevents this Court from according complete relief for the alleged breach of contract. Moreover, a judgment by this Court ordering the defendant, First Canadian Bank of Montreal (the Bank), to transfer to William Chris any funds that Morcam might have on deposit at the Bank would, as a practical matter, impair or impede Morcam's ability to protect its interest in any such funds. Finally, a judgment by this Court rendered in the absence of Morcam might expose Bank to inconsistent obligations.

### B. *Rule 19(b)*

In light of the above conclusion, the Court must next determine whether or not Morcam is an indispensible party, whose absence requires the Court "in equity and good conscience," to dismiss the lawsuit. The Court believes that Morcam is such a party and that the suit is properly dismissed.

As a threshold matter, it is clearly proper to treat Morcam as an entity which "cannot

be made a party" within the meaning of Rule 19(b). Although the plaintiff has asserted in its brief in opposition to defendant's motion, that Morcam unquestionably can be sued in this Court, no facts are provided which would in any way support that contention. The information that *is* before the Court strongly supports a conclusion that Morcam is not subject to process in this jurisdiction. Morcam is a Canadian corporation. The contract between the plaintiff and Morcam was signed in Toronto and was supposed to be performed in Owen Sound, Ontario, Canada. There is no indication in the complaint or in the plaintiff's memorandum that Morcam does business in Illinois or that there are any contacts between Morcam and Illinois that would permit use of the Illinois long arm statute or would make exercise of jurisdiction over Morcam by an Illinois court constitutional.

These facts must be considered in conjunction with Fed.R.Civ.P. 19(c) which requires a plaintiff to "state the names, if known to the pleader, of any persons as described in [Rule 19(a)] who are not joined, and the reasons why they are not joined." Failure to comply with Rule 19(c) has been found to be sufficient grounds for a determination that an individual "cannot be made a party" within the meaning of Rule 19(b). As the First Circuit has stated,

> "We are engaged in a lawsuit, not in a poker game, and if plaintiff chooses not to recite the facts about the other beneficiaries under these circumstances particularly where she was obligated to do so by F.R.Civ.P. 19(c), we will assume that there are other beneficiaries who, if joined, would destroy diversity."

*Stevens v. Loomis,* 334 F.2d 775, 776, n. 1, (1st Cir.1964); 7 C. Wright and A. Miller, Federal Practice and Procedure, § 1625 at 255 (1972). Similarly, both the facts and the law mandate a conclusion that Morcam, like the phantom beneficiaries in *Loomis,* has not been joined in this suit for a reason; namely, that there exists no personal jurisdiction over him in this district. Morcam thus meets the threshold requirement for designation as an indispensable party—he "cannot be" joined.

Next it must be determined "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Upon consideration of the appropriate factors, the Court has concluded that dismissal is the proper course.

As the Supreme Court has explained "Rule 19(b) suggests four 'interests' that must be examined in each case to determine whether, in equity and good conscience, the Court should proceed without a party whose absence from the litigation is compelled." *Provident Tradesmen's Bank and Trust Co. v. Patterson,* 390 U.S. 102, 109, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968). "The distilled essence of these 'criteria' . . . is the attempt to balance the rights of all concerned." *Schutten v. Shell Oil Company,* 421 F.2d 869, 873 (5th Cir.1970). As will be demonstrated below, a balancing of the important interests in this case clearly dictates that dismissal, without prejudice to refiling in Ontario, Canada, is the appropriate method of dealing with Morcam's absence.

First, the plaintiff's interest in having a forum is served by the availability of a satisfactory alternative forum in Ontario. *Provident Tradesmen's Bank & Trust Co.,* 390 U.S. at 109, 88 S.Ct. at 737. Second, dismissal also would serve the defendant's desire to "avoid multiple litigation, or inconsistent relief or sole responsibility for a liability he shares with another." *Id.* at 110, 88 S.Ct. at 738. The Court's preceding discussion of Fed.R.Civ.P. 19(a) addresses these considerations and supports a decision to dismiss.

The next factor to be considered "is the interest of the outsider whom it would have been desirable to join . . . [T]he Court must consider the extent to which the judgment may 'as a practical matter impair or impede his ability to protect' his interest in the subject matter." *Id.* at 110, 88 S.Ct. at 738.

The subject matter of this lawsuit is the money in the Morcam account at the Owen Sound branch of the Bank of Montreal. Morcam's ability to protect its interest in

that money could be impaired or impeded if this case were adjudicated in its absence.

In addition, as defendant has pointed out, litigation of this dispute in the absence of Morcam could disrupt Morcam's banking relationship with the Bank of Montreal. If this Court rendered a judgment adverse to the bank, the bank has indicated that it would set off any funds Morcam might have on deposit with the bank. Litigation between Morcam and the bank undoubtedly would ensue, and their business relationships would be disrupted.

Finally, there is "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies ... [the] public stake in settling disputes by wholes...." *Id.* at 111, 88 S.Ct. at 738.

In the instant case, it is plain that this factor counsels for dismissal. The controversy between William Chris and the Morcam Group over whether Morcam breached its contract with William Chris cannot be resolved in the absence of Morcam. An adjudication in the absence of Morcam is almost certain to lead to further litigation. If William Chris wins this suit, then the Bank of Montreal will have to sue Morcam in Ontario (or set off Morcam deposits in the Bank, if any, and thus provoke litigation by Morcam). If William Chris loses this lawsuit, it is predictable that William Chris will sue Morcam in Ontario to recover for Morcam's alleged breach of contract.

There is no way this Court could shape its relief to avoid these problems, and, since plaintiff can sue Morcam and the Bank in Canada, there is no reason for this Court to proceed in the absence of Morcam.

As the above discussion indicates, consideration of all the interests identified by the Supreme Court in *Provident,* weighs unequivocally in favor of a finding that "in equity and good conscience the action ... should be dismissed." Fed.R.Civ.P. 19(b).

### III. FORUM NON CONVENIENS

■ A second and equally compelling reason for dismissal is the doctrine of forum non conveniens. The existence of an alternative forum in Canada, the lack of any significant local public interest in the ultimate resolution of the controversy, and the fact that Ontario law would govern the suit, *Klaxon Company v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Ehrman v. Cook Electric Co.,* 468 F.Supp. 98, 99 (N.D.Ill. 1979); *Piper Aircraft v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 263, 70 L.Ed.2d 419 (1981), are all factors which virtually mandate that the doctrine of forum non conveniens be invoked in this case and that the suit be dismissed. *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

### IV. CONCLUSION

Because dismissal is appropriate under both Fed.R.Civ.P. 19 and the doctrine of forum non conveniens, defendant's motion to dismiss is granted.

IT IS SO ORDERED.