Carl ALBERS and Alvira
Albers, Plaintiffs,

v.

SPRAYRITE MANUFACTURING CO.,
Walm Incorporated a/k/a Agrobotics,
Inc., Defendants.

SPRAYRITE MFG. CO., Third
Party Plaintiff,

v.

SPENCERVILLE IMPLEMENT, INC.,
Hull Brothers, Inc., Walm Incorporated, Third Party Defendants.

No. L 85–117.

United States District Court,
N.D. Indiana,
Hammond Division at Lafayette.

May 5, 1987.

William H. Vobach, Jeffrey S. Washburn, Indianapolis, Ind., Sharon F. Murphy, Lafayette, Ind., for plaintiffs.

Robert B. Fitzgerald, Lima, Ohio, Stephen E. Yeager and Thomas H. Busch, Lafayette, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the court on defendant/third-party plaintiff's, Sprayrite Manufacturing Company (Sprayrite), Motion For Joinder, pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure, filed on November 28, 1986. On December 9, 1986, third-party defendant, Hull Brothers, Inc. (Hull), filed a response in opposition; further, on January 9, 1987, the plaintiffs, Carl Albers and Alvira Albers, filed a response in opposition.

The complete text of Rule 19(a) states:

A person who is subject to service of process *and* whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already

parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

Fed.R.Civ.P. 19(a) (emphasis added). Counsel for Sprayrite omitted the portion of Rule 19(a) which limits joinder if complete diversity would be destroyed. Rule 19(b) states:

If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). In addition, Rule 20(a) states:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or

arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

The facts relevant to the issues before this court are as follows. The plaintiffs filed this case on September 3, 1985, and were granted leave to file an amended complaint on March 7, 1986. The jurisdiction alleged in the plaintiffs' complaint is diversity under Section 1332 of Title 28 of the United States Code. The plaintiffs', residents of Ohio, complaint alleged a products liability claim against Sprayrite. Prior to filing their case in federal court, the plaintiffs filed, on August 22, 1985, a case in the Common Pleas Court of Mercer County, Ohio, that complaint alleged a products liability claim. That complaint named as defendants Sprayrite Manufacturing Co.; Spencerville Implement, Inc. (Spencerville), allegedly a franchised regional agent for sales and service and an Ohio corporation; and Hull Brothers, Inc., allegedly a "subagent", and an Ohio corporation. The defendant in this case, on June 2, 1986, was granted leave to file a third-party complaint against Spencerville; Hull; and Walm, Inc., a/k/a Agrobotics, Inc. (Walm), allegedly a manufacturer of a component part of the product. Another fact which Sprayrite believes is relevant is paragraph eleven of the Distribution and Sales Agreement between Sprayrite and Walm which states:

In the event that any legal action involving products liability, negligence or warranty is instituted against either WALM or Sprayrite in regard to the SIS unit, then WALM and Sprayrite shall jointly defend and bear the expense of such action; however, WALM shall hold Sprayrite harmless on any damages re-

sulting from product liability, negligence or warranty of the hardware and component parts of the dispenser; and, likewise, Sprayrite shall hold WALM harmless on any damages resulting from product liability, negligence or warranty resulting from failure of design specifications. Both WALM and Sprayrite shall maintain product liability insurance coverage in a minimum amount of $1,000,-000.00 to cover each incident.

Sprayrite is now attempting, through Rules 19 and 20, to change parties who are presently third-party defendants to defendants under the plaintiffs' complaint.

■ The Court of Appeals for the Seventh Circuit has adopted a two-step analysis under which if diversity would be destroyed by joinder the court looks directly to the four factors expressed in Rule 19(b). *Pasco International (London) Ltd. v. Stenography Corp,* 637 F.2d 496, 500 (7th Cir.1980); *see also Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 108, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968); *Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.,* 565 F.2d 450, 452 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978). It is clear from the record in this case that diversity would be destroyed if the court joined the third-party defendants as defendants under the plaintiffs' complaint. Therefore, the court will analyze the relevant facts under the four factors of Rule 19(b).

All Rule 19 cases should be analyzed based on the specific facts and circumstances relevant to each case. *Provident,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *LeBeau v. Libby-Owens-Ford Co.,* 484 F.2d 798, 800 (7th Cir.1973). The first factor to be applied to the specific facts of this case is "to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties." Fed.R.Civ.P. 19(b). None of the third-party defendants which Sprayrite wishes to convert to defendants under the plaintiffs' complaint are "absent" parties. Sprayrite has not demonstrated a single prejudice

which results from the relevant parties being third-party defendants instead of defendants under the plaintiffs' complaint. Therefore, the first factor does not support joinder under Rule 19(b).

The second factor is "the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures the prejudice can be lessened or avoided." Fed.R.Civ.P. 19(b). The presence of the third-party defendants under the third-party complaint provides ample opportunity to enter judgment or provide relief which avoids any possible prejudice. Therefore, the second factor does not support joinder under Rule 19(b).

The third factor is "whether judgment in the person's absence will be adequate." Fed.R.Civ.P. 19(b). Sprayrite has failed to demonstrate that the "absence" of the third-party defendants as defendants under the plaintiffs' complaint will affect the adequacy of any judgment. Therefore, the third factor does not support joinder under Rule 19(b).

■ The fourth factor is "whether the plaintiff[s] will have an adequate remedy if the action is dismissed for nonjoinder." Fed.R.Civ.P. 19(b). In this case the plaintiff has not argued that the state courts of Ohio do not provide an adequate remedy. However, that factor alone is not a sufficient basis for dismissal for nonjoinder. *Pasco,* 637 F.2d at 501; *Bio-Analytical,* 565 F.2d at 453.

It has been held that in products liability cases against alleged joint tort-feasor manufacturers it is unnecessary to join the other entities or persons that dealt with the product. *Williford v. Armstrong World Industries, Inc.,* 715 F.2d 124 (4th Cir. 1983); *Lopez v. General Motors Corp.,* 697 F.2d 1328, 1332 (9th Cir.1983); *Filippini v. Ford Motor Co.,* 110 F.R.D. 131, 134–136 (N.D.Ill.1986); *Stiles v. Porter Paint Co.,* 75 F.R.D. 617, 618 (E.D.Tenn.1976). The cogent analysis of Judge Moran in *Filippini* is applicable to the specific facts and circumstances of this case. Research has not disclosed a Court of Appeals or District Court decision within the Seventh Circuit

which suggests a different conclusion. *See, Casualty Indemnity Exchange v. Village of Crete*, 731 F.2d 457, 461–462 (7th Cir.1984); *Tillman v. City of Milwaukee*, 715 F.2d 354, 357–360 (7th Cir.1983); *Pasco*, 637 F.2d at 500–506; *LeBeau v. Libby-Owens-Ford Co.*, 484 F.2d 798, 800–802 (7th Cir.1973); *Filippini*, 110 F.R.D. at 134–136; *Alkot Industries, Inc. v. Takara Co., Ltd.*, 106 F.R.D. 373, 376–377 (N.D.Ill. 1985); *William Chris Trucks v. First Canadian Bank*, 98 F.R.D. 584 (N.D.Ill.1983). The facts of this case analyzed under Rule 19 do not require or permit joinder of the third-party defendants as defendants under the plaintiffs' complaint.

■ Sprayrite also argues for permissive joinder under Rule 20. The principle thrust of the defendants' argument is that they will be forced to pursue multiple lawsuits and piecemeal litigation if joinder is not permitted. However, under the facts and circumstances of this case "joinder of a nondiverse party could only occur when the party is indispensable." *Filippini*, 110 F.R.D. at 137.

Accordingly, and for all the above reasons, it is the ORDER of the Court that the defendant/third-party plaintiff's Sprayrite Manufacturing Company, Motion for Joinder be, and is hereby, DENIED. SO ORDERED.