(No. 25027.— )
ELEANOR DAVIS HARRIS *et al.* for use, etc., Appellants, *vs.*
THE AMERICAN SURETY COMPANY OF NEW YORK,
Appellee.

*Opinion filed October 10, 1939—Rehearing denied Dec. 12, 1939.*

SIMS, HANDY, MCKNIGHT & CAREY, (TIMOTHY I. MC-
KNIGHT, EDWARD J. MCLAUGHLIN, and OTTO W. BERG,
of counsel,) for appellants.

ADAMS, HAWXHURST, HAWLEY & WHITE, (WARREN H. ORR, RALPH R. HAWXHURST, and HOMER C. DAWSON, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is a suit instituted for the use of a sub-contractor, the Otis Elevator Company, to recover on a surety bond executed to secure the performance of a construction contract entered into between the nominal plaintiffs, Eleanor Davis Harris and others, and the principal contractor, the Good Construction Company. The question presented is whether recovery may be had for the use of the sub-contractor, though he is not a party to either the main contract or the surety bond. The bond and the contract which it secured were executed and were to be performed in the State of Pennsylvania. The circuit court sustained a motion to strike the amended complaint and entered judgment for the defendant. The judgment was affirmed by the Appellate Court for the First District and the cause is here on leave granted to appeal.

The facts are not in dispute. The Good Construction Company, as general contractor, entered into a written agreement with the nominal plaintiff for the furnishing of all material and labor and the construction of a building at McKeesport, Pennsylvania, including a freight elevator and appurtenances, in accordance with certain plans and specifications. A contemporaneous supplement, forming part of the original agreement, provides that the contractor shall furnish a surety bond in the sum of $45,000, in form satisfactory to the owners, to guarantee the faithful performance of the contract; that, in accordance with the Pennsylvania statute of 1901, providing for lien waiver by contract, neither the contractor nor any subcontractor, materialman or other person shall file or maintain any lien commonly called a mechanic's lien for work done or material furnished; and that the contractor shall keep the

building and premises free from liens, and indemnify the owner from any costs, expenses, attorney's fees, loss or damage resulting from the filing of any such lien. A bond, containing numerous conditions, with the Good Construction Company as principal and appellee as surety, was furnished. The general contractor thereafter entered into a contract with Otis Elevator Company for the furnishing and installation of the elevator, which was accordingly installed. Payment in full was not made as contracted for, and this suit was instituted to recover the unpaid balance due.

The bond contains five conditions which are important to be noticed,—*i. e.*: (1) That the principal shall erect and complete the building in accordance with the terms of the agreement, and in all respects faithfully perform all the obligations of the principal under the agreement, (2) "and shall satisfy all claims and demands incurred for the same," (3) and shall fully indemnify and save harmless the owners from all costs and damage which the owners may suffer by reason of the failure of the principal so to do, (4) and shall fully reimburse and repay the owners all outlay and expense which the owners may suffer by reason of the failure of the principal so to do, (5) and shall fully reimburse and repay the owners all outlay and expense which the owners may incur in making good any such default.

The construction contract and bond were made in the State of Pennsylvania. The building was erected in that State. The general contractor is a Pennsylvania corporation. The Otis Elevator Company and the defendant surety company are authorized to do business in that State. Appellants predicate their right to recover upon the second condition of the bond, in connection with the construction contract, which is by the terms of the bond made a part thereof.

The validity, construction and obligation of a contract must be determined by the law of the place where it is made

or is to be performed. The law of the place becomes a part of the contract, and courts of another jurisdiction will so interpret its legal effect. (*Frankel* v. *Allied Mills, Inc.* 369 Ill. 578; *Walker* v. *Lovitt,* 250 id. 543.) The motion to strike avers that the complaint shows there is no privity between the defendant and the plaintiff for use, and that the bond is one of indemnity protecting the obligees only and does not give any right of action to third parties under the law. This averment is sufficient to raise an issue on the question of whether the law of Pennsylvania precludes a recovery.

The earlier decisions of the Supreme Court of Pennsylvania laid down the rule that the law of that State did not permit a recovery upon a bond or contract by or for the use of a third person to which he was not a party, except (1) where one of the parties agreed with the other to pay money or deliver some valuable thing to a third party who was the only one interested in the payment or delivery; (2) where the promise to pay the debt of a third person rested upon the fact that money or property was placed in the hands of the promissor for that purpose; and (3) where one bought the stock of a tradesman and agreed to take the place, fill the contracts, and pay the debts of the vendor. (*First Methodist Episcopal Church* v. *Isenberg,* 246 Pa. 221; *Greene County* v. *Southern Surety Co.* 292 id. 304.) These and other similar holdings were abrogated by later decisions in which the Pennsylvania court adopted the rule hereinafter quoted enunciated by Professor Corbin of the Yale Law School in 38 Yale Law Journal 1. (*Concrete Products Co.* v. *United States Fidelity and Guaranty Co.,* 310 Pa. 158; *Commonwealth* v. *Great American Indemnity Co.* 312 id. 183; *McClelland* v. *New Amsterdam Casualty Co.* 322 id. 429.) In the *McClelland case* it is pointed out that the *Great American Indemnity Co. case* overrules *Greene County* v. *Southern Surety Co. supra.*

In *Commonwealth* v. *Great American Indemnity Co. supra,* the language in the bond was: "And shall pay all lawful claims of sub-contractors, materialmen and laborers for labor performed and materials furnished in the carrying forward, performing or completing said contract." The court pointed out that in *Philadelphia* v. *Stewart,* 109 Pa. 309, under a city ordinance which had no statute for its support, and where there was no right of mechanics' lien against public work, it was held the work and the materialmen were to that extent in the contractor's power as to pay, which tended to produce skimped work and inferior material, and against such a risk the city was entitled to protect itself by exacting assurance from the contractor that he would pay his honest debts incurred in doing the work. The opinion in the *Great American Indemnity Co. case* says: "On this basis alone recovery might be sustained. The same conclusion is reached if we consider the individual rights of sub-contractors and materialmen. The last of our cases on this point is *Concrete Products Co.* v. *United States Fidelity & Guaranty Co.* 310 Pa. 158, * * * where a recovery was allowed although no statute authorized the bond, and plaintiff was not an obligee in it." The opinion then notes the approval of Professor Corbin's rule in the *Concrete Products Co. case* and quotes it as follows: "We should now start with the general proposition that two contracting parties have power to create rights in a third party. This has long been a general rule; it is not an 'exception.' 'Privity,' is not necessary; the third party need not be a 'promisee,' nor need he give consideration. * * * The third party has an enforceable right if the surety promises in the bond, either in express words or by reasonable implication, to pay money to him. * * * In the case of a surety bond for the payment of money, if there is a promise to pay money to an ascertainable person, the fact that he is a third person who gave no consideration for the promise does not prevent him from enforcing it. * * * The

words used in building contracts and in accompanying surety bonds are now usually such that they are, and should be, interpreted as a promise by the surety to pay laborers and materialmen in case of default by the contractor. * * * In this class of cases it is sound policy to interpret the words liberally in favor of third parties."

In the *Concrete Products Co. case,* the bond there contained the words "we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein." It was contended in the *Great American Indemnity Co. case* that on account of this language the *Concrete Products Co. case* was not authority in the later case. The Pennsylvania court held that in the prior decision it did not limit itself to the language quoted, and the words only made a little clearer than usual the fact that the bond was given for the benefit of the materialman and laborer. The opinion continues: "The only true basis is that stated in Prof. Corbin's article, *supra,* that 'if there is a promise to pay money to an ascertainable person, the fact that he is a third person who gave no consideration for the promise does not prevent him from enforcing it.' Here we have the ascertainable persons before the court, who, presumably on the faith of the promise * * * entered into their contracts, did their work and furnished their materials." It points out that in 44 of the 48 States of the Union, that rule has long been enforced, (Pennsylvania, Massachusetts, Connecticut and Michigan being the exceptions) ; and that in the Restatement of the Law of Contracts, it is considered at length and adopted as the true rule. The Pennsylvania court then says "Since the Restatement was adopted Connecticut has joined the other 44 States, (*Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256, 260,) and those determinations are so equitable and just, and so certainly carry out the intention of the parties, as shown by the contract and bond, that we willingly join with our sister States in

their conclusion on this subject, especially as the legislature, by the act of June 23, 1931, P. L. 1181, has now established our public policy in regard to the matter, by expressly providing for such a provision in all future bonds."

In the *McClelland case, supra,* the condition in a performance bond was that the principal should "pay all bills for labor, materials, and supplies furnished" in connection with the work. The right of a guarantor of a bill of the principal to a supply dealer to recover on the bond was upheld on the authority of *Commonwealth* v. *Great American Indemnity Co. supra.*

· The words of the second condition in the bond in the case at bar "and shall satisfy all claims and demands incurred for the same" obviously refer to the preceding language "that the principal shall erect and complete the building in accordance with the terms of said agreement." It is equally manifest that the second condition refers to claims and demands incurred by the principal. All the other conditions of the bond are for the benefit of the obligees. The second condition is not embraced within that category, because, by the terms of the construction contract, the obligees would incur no obligation for either labor or material, and the filing or maintaining of any claim for lien against the premises was expressly barred under an enabling statute. This necessarily left the only obligations to be satisfied by the defendant under the second condition as those incurred by the principal in the construction and completion of the building. Bills for material and labor are demands incurred "for the same." They could be incurred only with materialmen or laborers. The beneficiaries of the promise were therefore ascertainable within the decisions of the Pennsylvania court. The language of the second condition is in no way ambiguous but clearly includes materialmen and laborers. Such claims could be satisfied only by payment. These are such accompanying circumstances, referred to in the Restatement, *supra,* as show an expressed

purpose to confer a right upon materialmen and laborers against the defendant. Our conclusion is that under the law of Pennsylvania plaintiff had a right to recover against defendant. Courts of another jurisdiction will enforce such a contract in accordance with its legal effect where made or to be performed. ·(*Walker* v. *Lovitt, supra; Coats* v. *Chicago, Rock Island and Pacific Railway Co.* 239 Ill. 154.) It is, therefore, unnecessary to consider the law of this State on the right of third parties to recover under such contracts.

The claim that the complaint does not contain any sufficient allegation or showing that the construction contract called for the installation of the elevator in the building, because the contract as set out *in haec verba* in the complaint, and as shown by an attached exhibit, does not mention the elevator, is without merit. The contract refers to drawings and specifications as a part thereof, which the complaint alleges were not then available to plaintiff but were ready to be produced in court on the trial. The complaint further alleges the drawings and specifications provide for the elevator and that it was so furnished and installed. The action is founded upon the bond of defendant and is the only agreement which it was necessary to set forth *in haec verba.* The recitals in the complaint as to the construction contract are only matters of inducement. The complaint would be sufficient if it merely recited the substance of the construction contract, the substance of the contract between the general contractor and the beneficial plaintiff, the bond *in haec verba,* the performance by the beneficial plaintiff, and a default of the general contractor and defendant to pay. (*Vermont Marble Co.* v. *Bayne,* 368 Ill. 618; *Parker* v. *Brooks,* 16 id. 64.) Section 36 of the Civil Practice act makes no change in the law in this respect. The phrase in the contract between the construction company and the beneficial plaintiff indicating the elevator was to be installed for Sears Roebuck and Company, is suf-

ficiently explained in an amendment to the complaint showing it was used merely to identify the building, it being known that Sears Roebuck and Company were to occupy it as a tenant.

The judgment of the Appellate Court and that of the circuit court of Cook county are each reversed and the cause is remanded to the circuit court, with directions to overrule the motion to strike the complaint and to proceed in a manner consistent with the views herein expressed.

*Reversed and remanded, with directions.*