Georgia S. GOODSON

v.

**SEARLE LABORATORIES.**

Civ. No. N–76–376.

United States District Court,
D. Connecticut.

Oct. 23, 1978.

Leander Gray, New Haven, Conn., for plaintiff.

Miles F. McDonald, Jr., Badger, Fisher, Cohen & Barnett, Greenwich, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ELLEN B. BURNS, District Judge.

This is a products liability case involving the use of an oral contraceptive. On November 15, 1972, the plaintiff's physician issued to her a prescription for Demulen 21, a birth control pill, obtainable only by prescription. On November 19, 1973, she suffered a cerebrovascular accident which resulted in her partial blindness and some permanent loss of dexterity in her dominant hand. On November 18, 1976, the plaintiff filed the instant Complaint claiming that the defendant drug company's product was in a defective and unreasonably dangerous condition in that it contained an amount of estrogen sufficient to cause her stroke. She is asking one million dollars in damages, plus whatever other legal and equitable relief this Court may deem necessary and proper.

On June 22, 1978, the defendant drug company pursuant to Rule 56 of the F.R. C.P. filed the present Motion for Summary Judgment. The defendant contends there is no material issue of fact that it warned the medical profession prior to plaintiff's use of Demulen of the risk of cerebral thrombosis associated with the use of Dem-

ulen, and further argues that the manufacturer of a prescription drug has a legal duty only to warn the physician, not the patient, as to the risks associated with the use of the drug. The defendant thus maintains it is entitled to a summary judgment as a matter of law. The plaintiff argues, on the other hand, that the defendant had a duty to warn all foreseeable users of the drug rather than just the prescribing doctor, and that the defendant's failure to adequately warn the plaintiff of the allegedly defective condition of the drug raises issues of material fact which cannot be decided as a matter of law. For the reasons discussed below, the defendant's Motion for Summary Judgment must be granted.

Rule 56(c) of the F.R.C.P. provides that summary judgment shall be rendered in cases where there is no genuine issue as to any material fact and where the moving party is entitled to a judgment as a matter of law.. In support of its Motion, the defendant has submitted a number of exhibits. These include extracts concerning Demulen from the *Physician's Desk Reference* supplement c/1970 (Ex. D),[1] the defendant's directions for Demulen's use, warnings to physicians as to its side effects and adverse reactions and package inserts (Ex. E),[2] and the affidavit of the prescribing physician stating that he was aware of the risk of cerebral thrombosis claimed to be associated with the use of all hormonal oral contraceptives, including Demulen, from his reading of medical journal articles, package inserts *and the Physi-*

---

1. Exhibit D makes special note that "[a]n increased risk of thromboembolic disease associated with the use of hormonal contraceptives has now been shown in studies conducted in both Great Britain and the United States" and gives special warning that "[t]he physician should be alert to the earliest manifestation of thrombotic disorders . . . Retrospective studies of morbidity and mortality conducted in Great Britain and studies of morbidity in the United States have shown a statistically significant association between . . . cerebral thrombosis . . . and the use of oral contraceptives." It further states that "[a] statistically significant association has been demonstrated between use of oral contraceptives and . . . cerebral thrombosis."

2. Exhibit E repeats in the directions and warnings to physicians the same special note, warning and statement with respect to significant association between the use of oral contraceptives and cerebral thrombosis. The package insert advises the user not to take the drug "without your doctor's continued supervision" *and continues* "The oral contraceptives are powerful and effective drugs which can cause side effects in some users and should not be used at all by some women. The most serious known side effect is abnormal blood clotting which can be fatal"

*cian's Desk Reference* and discussions with colleagues (Ex. A). Nowhere in her Memorandum opposing the defendant's Motion does the plaintiff claim that the defendant did not in fact warn the medical profession and the prescribing physician. And, indeed, given the exhibits filed by the defendant, this Court is compelled to find there is no issue of material fact that the defendant warned the medical profession and the prescribing doctor prior to the plaintiff's use of the risk of cerebral thrombosis associated with the use of Demulen. Even were the warning found to be inadequate as to the medical profession as a whole, it is clear that the physician who prescribed Demulen for the plaintiff had been adequately warned of the increased risk of thromboembolic disease associated with its use.

Once the existence of this material fact has been established, the next question is whether the defendant is consequently entitled to a judgment as a matter of law. It is the position of the defendant that the manufacturer of a prescription drug has a duty to warn the physician, not the patient. The leading opinion in this Circuit in this area is that of Circuit Judge J. Joseph Smith in *Basko v. Sterling Drug, Inc.,* 416 F.2d 417 (1969). There Judge Smith noted that the Connecticut Supreme Court has adopted the strict liability position taken by § 402A of the Restatement (Second) of Torts, and went on to reason:

> While § 402A imposes strict liability on the seller who markets a product "in a defective condition unreasonably dangerous" to the consumer, comment k makes an exception to the strict liability rule in the case of products characterized as "unavoidably unsafe." These include "products which, in the present state of human knowledge, are quite incapable of being made safe for their intended and ordinary use," and they are "especially common in the field of drugs." . . .
>
> Although the imposition of strict liability for the idiosyncratic side effects of a drug is certainly not unthinkable, comment k provides that such a drug is neither "defective" nor "unreasonably dangerous" in the § 402A sense if the manu-

facturer gives an adequate warning of the risks involved.

> In this respect, comment k simply adopts the ordinary negligence concept of duty to warn. If proper warning is given "where the situation calls for it," the manufacturer is "not to be held to strict liability for unfortunate consequences . . . merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk." Restatement (Second) of Torts § 402A comment k. . . .
>
> In the case of prescription drugs, the manufacturer can fulfill its duty to warn by warning the medical profession of the side effects of the drug. "In such cases the choice involved is essentially a medical one involving an assessment of the medical risks in the light of the physician's knowledge of his patient's needs and susceptibilities. Further it is difficult under such circumstances for the manufacturer, by label or direct communication, to reach the consumer with a warning. A warning to the medical profession in such cases is the only effective means by which a warning could help the patient." *Davis v. Wyeth Laboratories, Inc.,* 399 F.2d 121, 129 (9th Cir. 1968).

*Basko, supra,* at 425–26. The rule that a drug manufacturer has a duty to warn the doctor rather than the patient was more recently spelled out in the case of *Chambers v. G. D. Searle & Co.,* 441 F.Supp. 377 (D.Md.1975), *affirmed per curiam,* 567 F.2d 269 (4th Cir. 1977). That case also involved an action against the manufacturer of an oral contraceptive to recover for injuries sustained as a result of a stroke allegedly caused by the plaintiff's ingestion of the contraceptive pills. There the District Court Judge noted:

> The standard of negligence in a case of this sort is somewhat different from that presented in the ordinary negligence case. First of all, this case concerns a prescription drug which is regulated by federal law. See 21 U.S.C. § 353(b)(1)(C). Thus, the drug can be used only under the

professional supervision of a doctor licensed by law to administer the drug. Accordingly, it is quite clear that the warning which must be examined here is that given to the physician and not that given to the user. See *Sterling Drug, Inc. v. Cornish,* 370 F.2d 82 (8th Cir. 1966). As the Eighth Circuit said in that case, "the purchaser's doctor is a learned intermediary between the purchaser and the manufacturer." . . . A drug company is not an insurer with respect to the product with which it deals. *O'Hare v. Merck & Co.,* 381 F.2d 286, 291 (8th Cir. 1967).

*Chambers, supra,* at 381. As is made clear by the exhibits attached to the defendant's instant Motion, for several years prior to the plaintiff's use of Demulen the defendant had disseminated uniform information and warnings concerning the use of the drug and the risk of cerebral thrombosis. All of this material had been reviewed and approved by the Federal Drug Administration. In *Brick v. Barnes-Hines Pharmaceutical Co., Inc.,* 428 F.Supp. 496 (D.C.D.C. 1977), summary judgment was granted the defendant drug manufacturer where the plaintiff fell victim to a previously established side effect included in the drug's FDA approved warnings issued by the defendant. And in *Pierluisi v. E. R. Squibb & Sons, Inc.,* 440 F.Supp. 691, 694, 695 (D.P.R. 1977), summary judgment was granted the defendant drug manufacturer where it was shown the prescribing physician was aware of the adverse side effects of a prescription drug through warnings in package inserts and the *Physician's Desk Reference.* See also *Dunkin v. Syntex Laboratories, Inc.,* 443 F.Supp. 121 (W.D.Tenn.1977).

This Court concludes that, given the legal duty of the defendant drug manufacturer to warn the prescribing physician rather than the patient of the risks inherent in the use of its product, and in light of the evidence of the warnings which the defendant gave the medical profession and the plaintiff's prescribing doctor concerning the risk of cerebral thrombosis inherent in the use of the drug Demulen, the defendant is entitled to summary judgment as a matter of law. The defendant's Motion for Summary Judgment is therefore granted.

SO ORDERED.