Charlotte K. HALL, Plaintiff,

v.

MERCK, SHARP & DOHME, A DIVISION OF MERCK & CO., INC., and Merck & Co., Inc., a foreign corporation, Defendants.

Civ. A. No. 90–2232–V.

United States District Court,
D. Kansas.

Sept. 6, 1991.

See also 774 F.Supp. 604.

Lynn R. Johnson, Shamberg, Johnson, Bergman & Morris, Overland Park, Kan., Leonard M. Ring, Chicago, Ill., for plaintiff.

Madeline M. McDonough, David W. Brooks, Robert J. McCully, Shook, Hardy & Bacon, Kansas City, Mo., Thomas R. Nelson, Michael S. Knippen, Baker & McKenzie, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the motion (Doc. 27) of defendants Merck, Sharp

& Dohme and Merck & Co., Inc., for summary judgment pursuant to Fed.R.Civ.P. 56(b). The motion is denied.

Plaintiff brought this product liability action against defendants seeking damages for personal injuries resulting from an alleged breach of implied warranties under the Uniform Commercial Code. *See*, Ill. Rev.St., ch. 26, ¶¶ 1–101 *et seq.* The instant motion for summary judgment presents a conflict-of-laws issue: *i.e.*, whether Kansas or Illinois law applies. If, as defendants argue, Kansas law applies, the action is barred by the statute of limitations. However, if, as plaintiff argues, Illinois law applies, the action is not barred. The court concludes that Illinois law applies.

The facts of this case, as established by the parties in accordance with D.Kan. Rule 206(c), appear as follows:

On August 6, 1984, plaintiff, then an Illinois resident, sought medical treatment for an inflammatory condition at Princeton, Illinois. Plaintiff's physician prescribed Dolobid, a pharmaceutical manufactured by defendants. Plaintiff filled her prescription that same day at Mendota, Illinois. One week later, plaintiff refilled her prescription at Peru, Illinois. Plaintiff later refilled her prescription in Michigan, but did not ingest Dolobid from that refill.

Soon after refilling her prescription in Michigan, plaintiff moved to Kansas. Thereafter, plaintiff began to suffer from an acute illness characterized by a high fever, skin lesions, ulcerations, conjunctivitis, and a progressive rash. On August 31, 1984, plaintiff was hospitalized with these symptoms at the University of Kansas Medical Center at Kansas City, Kansas. On September 13, 1984, plaintiff was diagnosed as having reacted to Dolobid. On that same date, plaintiff's physician completed a Drug Experience Report (DER) and notified defendants of plaintiff's ingestion of Dolobid and her condition. A second DER, which was completed on October 22, 1984, discloses that plaintiff's alleged reaction to Dolobid occurred on August 24, 1984, and that her symptoms were consistent with that of Dolobid induced Stevens–Johnson syndrome.

On August 2, 1988, plaintiff filed this case against defendants in the Circuit Court of Cook County, Illinois. As noted, plaintiff sought damages for personal injuries resulting from an alleged breach of implied warranties. *See*, Ill.Rev.St., ch. 26, ¶¶ 2–314 and 2–315. Defendants removed the case to the United States District Court for the Northern District of Illinois based on diversity of citizenship jurisdiction. On August 25, 1989, defendants moved for summary judgment, asserting that plaintiff had failed to give adequate notice of the breach as required by Ill.Rev.St., ch. 26, ¶ 2–607(3)(a). Defendants' motion was denied. Thereafter, defendants moved for transfer of venue to the United States District Court for the District of Kansas. On June 15, 1990, Judge Charles E. Norgle of the Northern District of Illinois granted the motion and transferred the case to this court pursuant to 28 U.S.C. § 1404(a).

In their present motion for summary judgment, defendants maintain that, under Illinois choice of law rules, Kansas law applies to this action. Defendants also contend that Kansas law applies because the Northern District of Illinois transferred the action to Kansas. On these premises, defendants argue that the action is barred by the applicable Kansas statute of limitations, K.S.A. 60–513(a)(4). *See*, *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980). The court rejects defendants' contentions.

■ Because this action was transferred pursuant to 28 U.S.C. § 1404(a), this court must apply Illinois law, including its choice of law rules. *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964); *Murphy v. Klein Tools, Inc.*, 693 F.Supp. 982, 986 (D.Kan.1988). Illinois courts, in resolving conflict-of-laws issues in actions for alleged breach of implied warranties under the Uniform Commercial Code, have applied three analyses: (1) the traditional conflict-of-laws contract analysis; (2) the traditional conflict-of-laws tort analysis; and (3) the modern "center of gravity" analysis. *See*, *Hardman v. Hel-*

*ene Curtis Industries, Inc.*, 48 Ill.App.2d 42, 198 N.E.2d 681, 689–91 (1964). The court concludes that application of all three analyses demonstrates that Illinois law applies to this case.

Applying the traditional conflict-of-laws rule relating to contracts, the court concludes that Illinois law governs. The traditional rule for contracts is that the law of the place of execution or performance of the contract governs. *Id.*, 198 N.E.2d at 689 (citing *Harris v. American Surety Co.*, 372 Ill. 361, 24 N.E.2d 42 (1939)). Where the action is for an alleged breach of warranty in a sales transaction, the rule translates to that of the law of the place of the ultimate sale to the consumer. *Id.* In this case, plaintiff purchased the product in Illinois. Thus, under the traditional conflict-of-laws contract analysis, Illinois law governs.

■ Applying the traditional conflict-of-laws rule relating to torts, the court also concludes that Illinois law governs. The traditional rule is that the law of the place of the injury governs. *Id.*, 198 N.E.2d at 690–91. In this case it is not controverted that plaintiff purchased the product in Illinois. It is also not controverted that she first ingested the product in Illinois. Thus, we conclude that plaintiff's injury arose in Illinois and not where plaintiff's symptoms first manifested themselves—Kansas. Accordingly, under the traditional conflict of law-tort analysis, Illinois law governs.

Finally, applying the modern "center of gravity" analysis the court concludes that Illinois law governs. In *Hardman*, the Illinois Court of Appeals described the rule as follows:

> The court will consider all acts of the parties touching the transaction in relation to the several states involved and will apply as the law governing the transaction the law of the state with which the facts are in most intimate contact.

*Id.*, 198 N.E.2d at 691 (quoting *Bowles v. Zimmer Mfg. Co.*, 277 F.2d 868, 873 (7th Cir.1960)); *see, also, Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970) (applying the "substantial contacts" test of Restate-

ment (Second) of Conflict of Laws § 145 (1969) in analyzing a choice of law issue in a wrongful death action). Thus, to determine which law governs the case, the court must look at all of the circumstances surrounding the transaction.

■ Applying the criteria set forth in *Hardman*, we conclude that Illinois has the more intimate, or substantial, contact with the transaction in question. At the time she purchased defendants' product, plaintiff was an Illinois resident. She purchased the product in Illinois, ingested the product in Illinois, and refilled her prescription in Illinois. Plaintiff's only contact with Kansas is that she moved to Kansas and was hospitalized here when her symptoms first became manifest. Plaintiff later became a Kansas resident. On the facts, the court concludes that Illinois would appear to have the more intimate, or substantial, contacts with the transaction. The court also believes that Illinois has a compelling interest to adjudicate claims for damages arising out of allegedly defective prescription drugs sold to, and ingested by, its residents within its boundaries. Thus, the court concludes that Illinois law governs the case. *See,* Restatement (Second) of Conflict of Laws, § 6 (1969).

■ Additionally, the court rejects plaintiff's contention that Judge Norgle of the Northern District of Illinois ruled that Kansas law applies when he transferred the case to this district. We note that a section 1404(a) transfer, as effected in this case, "represents only a change in courtrooms for the convenience of the litigants and witnesses, it should not affect the state law governing the action." *Murphy,* 693 F.Supp. at 986 (quoting *Martin v. Stokes,* 623 F.2d 469 (6th Cir.1980)). By transferring the case to this district Judge Norgle merely concluded that this venue is more convenient to the litigants and witnesses and not that Kansas law applies to the case.

■ Having determined that Illinois law governs this action, the court must now apply that law. Under Illinois law, the statute of limitations for an action for

breach of an implied warranty under the Uniform Commercial Code case is four years. Ill.Rev.St., ch. 26, ¶ 2–725; *Berry v. G.D. Searle & Co.*, 56 Ill.2d 548, 309 N.E.2d 550, 554 (1974). The statute of limitations begins to run from tender of delivery of the product. *Carpenter v. Mobile World, Inc.*, 194 Ill.App.3d 830, 141 Ill.Dec. 537, 540, 551 N.E.2d 724, 727 (1990). It is not controverted that plaintiff filed the instant action within four years of tender of delivery of the allegedly defective product. Accordingly, this action was timely commenced.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 27) is denied.

IT IS SO ORDERED.