Charlotte K. HALL, Plaintiff,

v.

MERCK, SHARP & DOHME, A DIVISION OF MERCK & CO., INC., and Merck & Co., Inc., a foreign corporation, Defendants.

Civ. A. No. 90–2232–V.

United States District Court, D. Kansas.

Sept. 27, 1991.

Lynn R. Johnson, Shamberg, Johnson, Bergman & Morris, Overland Park, Kan., Leonard M. Ring, Chicago, Ill., for plaintiff.

David W. Brooks, Robert J. McCully, Madeline M. McDonough, Shook, Hardy & Bacon, Kansas City, Mo., Thomas R. Nelson, Michael S. Knippen, Baer & McKenzie, Chicago, Ill., for Merck, Sharp & Dohme, defendant.

David W. Brooks, Robert J. McCully, Shook, Hardy & Bacon, Kansas City, Mo., Thomas R. Nelson, Michael S. Knippen,

Baer & McKenzie, Chicago, Ill., for Merck & Co., Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the motion (Doc. 56) of defendants Merck, Sharp & Dohme and Merck & Co., Inc., for summary judgment pursuant to Fed.R.Civ.P. 56(b). Plaintiff Charlotte Hall has responded (Doc. 67) and opposes defendants' motion. The motion is granted.

Plaintiff brought this products liability action against defendants seeking damages for personal injuries that she allegedly suffered as the result of ingesting Dolobid, a prescription drug manufactured and distributed by defendants. Plaintiff claims that, by manufacturing and distributing Dolobid without adequately warning of its possible adverse side effects, defendants breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose under the Uniform Commercial Code. *See,* Ill.Rev. St., ch. 26, ¶¶ 2–314 and 2–315.[1] In their motion for summary judgment, defendants contend that they are entitled to judgment as a matter of law on plaintiff's claims.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his

pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

The pertinent uncontroverted facts, as established by the parties, appear as follows:

On August 6, 1984, plaintiff sought medical treatment for an inflammatory condition at Princeton, Illinois. Plaintiff's physician, Dr. Mukond Godbole, prescribed Dolobid, a nonsteroidal anti-inflammatory drug manufactured and distributed by defendants. Later that day, plaintiff filled her prescription at Mendota, Illinois. One week later, plaintiff refilled her prescription at Peru, Illinois. Plaintiff later refilled her prescription in Michigan.

In late August, 1984, plaintiff moved to Kansas. Thereafter, plaintiff began to suffer from an acute illness characterized by a high fever, skin lesions, ulcerations, conjunctivitis, and a progressive rash. On August 31, 1984, plaintiff was hospitalized with these symptoms at the University of Kansas Medical Center at Kansas City, Kansas. On September 13, 1984, plaintiff was diagnosed has having reacted to Dolobid. On that same date, plaintiff's physician completed a Drug Experience Report (DER) and notified defendants of plaintiff's use of Dolobid and her condition. A second DER, which was completed on October 22, 1984, discloses that plaintiff's alleged reaction to Dolobid occurred on August 24, 1984, and that her symptoms were consistent with that of Dolobid induced Stevens–Johnson syndrome.

On August 2, 1988, plaintiff filed this action in the Circuit Court of Cook County, Illinois. Thereafter, defendants removed the action to the United States District Court for the Northern District of Illinois based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332. By order dated

---

1. The court notes that in its previous memorandum and order (Doc. 64) dated September 6, 1991, 774 F.Supp. 601, it concluded that Illinois law governs this action.

June 15, 1990, Judge Charles E. Norgle of the Northern District of Illinois transferred the action to this district under 28 U.S.C. § 1404(a). The pretrial order (Doc. 65) filed on September 16, 1991, discloses that plaintiff claims that defendants breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose by failing to adequately warn of the risks associated with Dolobid. Plaintiff seeks monetary damages for defendants' alleged breach of implied warranties.

Defendants contend that they are entitled to judgment as a matter of law because the uncontroverted material facts show that they discharged their legal obligation to plaintiff by adequately warning her prescribing physician of the relevant risks associated with Dolobid. Plaintiff contends that summary judgment should be denied because a question of fact exists as to whether defendants adequately warned her prescribing physician and because defendants failed to warn her, personally, of the risks associated with Dolobid. The court concludes that defendants are entitled to judgment as a matter of law.

 Defendants' motion for summary judgment is based on the application of the "learned intermediary" doctrine. Under the learned intermediary doctrine, a drug manufacturer discharges its legal duty to warn the ultimate consumer of the risks associated with a prescription drug if it adequately warns the consumer's prescribing physician of those risks. *See, Kirk v. Michael Reese Hospital and Medical Center*, 117 Ill.2d 507, 111 Ill.Dec. 944, 950, 513 N.E.2d 387, 393 (1987); *also, Leesley v. West*, 165 Ill.App.3d 135, 116 Ill.Dec. 136, 138, 518 N.E.2d 758, 760 (1988). The Illinois Supreme Court adopted the learned intermediary doctrine in *Kirk*, reasoning that:

> The doctor, functioning as a learned intermediary, between the prescription drug manufacturer and the patient, decides which available drug best fits the patient's needs and chooses which facts from the various warnings should be conveyed to the patient and the extent of disclosure as a matter of medical judgment. As such, we believe that the learned intermediary doctrine is applicable here and that *there is no duty on the part of manufacturers of prescription drugs to directly warn patients.*

*Id.* (emphasis supplied) (internal cites omitted); *see also, Mahr v. G.D. Searle & Co.*, 72 Ill.App.3d 540, 28 Ill.Dec. 624, 390 N.E.2d 1214 (1979). The learned intermediary doctrine relieves a drug manufacturer of liability for adverse side effects of a drug if the drug manufacturer adequately informed the prescribing physician of those side effects. *Wooten v. Johnson & Johnson Products, Inc.*, 635 F.Supp. 799, 803 (N.D.Ill.1986); *Ashman v. SK & F Lab Co.*, 702 F.Supp. 1401, 1405 (N.D.Ill.1988).

Defendants' reliance on the learned intermediary doctrine is grounded in the deposition testimony of plaintiff's prescribing physician, Dr. Mukond Godbole. Dr. Godbole testified that in 1984—at the time he prescribed Dolobid to plaintiff—he was aware of the association between Dolobid, as well as other nonsteroidal anti-inflammatory drugs, and Stevens–Johnson syndrome. He testified that he knew of the association between Dolobid and Stevens–Johnson syndrome from fact sheets given to him by drug representatives and from reading the Physician's Desk Reference (PDR).[2] He further testified that, at the time he prescribed Dolobid to plaintiff, he understood the relevant risks of the drug and that he had the information necessary to balance the risks and the benefits of the drug to arrive at an appropriate decision concerning whether to prescribe it to plaintiff.

The only relevant issue to the determination of whether the learned intermediary doctrine applies in this case is whether Dr. Godbole was aware of the risks associated with Dolobid when he prescribed it to plain-

---

**2.** PDR is the standard pharmacological reference book on prescription drugs used by the medical profession when prescribing medications. The 1984 PDR specifically states that less than one in one hundred develop Stevens–Johnson syndrome as the result of· ingesting Dolobid.

tiff. Dr. Godbole testified that he was, and plaintiff has produced nothing concrete to controvert that testimony.

Where it is uncontroverted that the prescribing physician is aware of the risks associated with a drug, courts have consistently held that a drug manufacturer is entitled to summary judgment. *Wooten,* 635 F.Supp. at 803. In *Wooten,* the administrator of decedent's estate sued the manufacturers of Zomax, a prescription drug which had allegedly contributed to decedent's demise, for failing to warn of the dangers of Zomax. It was undisputed that decedent's prescribing physician was aware of the risks of Zomax when he prescribed it, and that he had the information necessary to arrive at an informed decision concerning whether to prescribe the drug to decedent. *Id.* at 802. On those facts, the court concluded that defendant drug manufacturers had fulfilled their obligations to adequately warn decedent's prescribing physician and granted defendants' motion for summary judgment. *Id.* at 804.

Similarly, in *Ashman,* 702 F.Supp. at 1401, plaintiff, although conceding that the prescribing physician was a learned intermediary, alleged that the manufacturer of Halcion had failed to provide adequate warnings of the interactive effects of Halcion and Tagamet when coadministered. It was uncontroverted in the case that plaintiff's physician prescribed Halcion to plaintiff despite knowing that plaintiff was already taking Tagamet and that Halcion had the propensity to interact adversely with Tagamet. In granting summary judgment for the drug manufacturer, the Northern District of Illinois concluded that:

> The learned intermediary doctrine applies where a physician is alerted to the dangerous propensities of a particular drug and nonetheless decides to prescribe it.

*Id.,* at 1405.

In another case, *Goodson v. Searle Laboratories,* 471 F.Supp. 546 (D.Conn.1978), plaintiff sued the manufacturer of an oral contraceptive for allegedly failing to provide adequate warnings concerning the risk of cerebral thrombosis associated with the oral contraceptive. The manufacturer submitted excerpts from PDR and an affidavit of the prescribing physician stating that he was aware of the risk of cerebral thrombosis associated with the contraceptive from a number of sources, including PDR, in support of its motion for summary judgment. The court granted the drug manufacturer's motion for summary judgment, stating:

> [T]here is no issue of material fact that the defendant warned the medical profession and the prescribing doctor prior to the plaintiff's use of the risk of cerebral thrombosis associated with the use of [the drug]. Even were the warning found to be inadequate to the profession as a whole, it is clear that the physician who prescribed [the drug] for the plaintiff had been adequately warned of the increased risk of thromboembolic disease associated with its use.

*Id.* at 548 (quoted by *Wooten,* 635 F.Supp. at 803).

The case that plaintiff cites for the proposition that the adequacy of a drug manufacturer's warnings is a fact issue that must be resolved by a jury is distinguishable. In *Tongate v. Wyeth Laboratories,* —— Ill.App.3d ——, ——, 162 Ill.Dec. 801, 809, 580 N.E.2d 1220, 1228 (Ill.App.Ct. 1991), the Illinois Court of Appeals reversed the trial court's entry of summary judgment in favor of a manufacturer of tetanus toxoid on the issue of the adequacy of its warnings. In *Tongate,* the prescribing physician testified that he was unaware that tetanus toxoid could cause neurological damage and that he had never read or become familiar with any authority which warned that tetanus toxoid could cause neurological damage. Because the doctor was unaware of the risks associated with tetanus toxoid, the court concluded that a question of fact existed as to whether defendant drug manufacturer's warnings were adequate. Because Dr. Godbole was aware of the risks of Dolobid in this case, *Tongate* is inapposite.

The court concludes that, given the legal duty of defendants to warn the prescribing physician rather than the patient of the

risks inherent in the use of its product, and in light of the evidence of warning which defendants gave plaintiff's prescribing physician concerning the risk of Stevens–Johnson syndrome inherent in the use of the drug Dolobid, defendants are entitled to judgment as a matter of law. The motion for summary judgment is granted.

■ Additionally, plaintiff posits the argument that defendants failed to discharge their legal obligation to warn her, personally, of the risks associated with Dolobid. Plaintiff claims that defendants owed her this duty under an exception to the learned intermediary doctrine. In the alternative, plaintiff asks the court to carve out an exception to the learned intermediary doctrine for her. However, plaintiff has not identified any exception to the doctrine that has application to the case; nor has she set forth any reason why the learned intermediary doctrine should not apply to the case. The court therefore rejects these contentions.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 56) is granted. The case is dismissed.

IT IS SO ORDERED.